# EXHIBIT D

# LISTON ABRAMSON

The Chrysler Building
405 Lexington Avenue, 46th Floor
New York, New York 10174

New York Office
Main: (212) 257-1630
www.listonabramson.com

Ronald Abramson, Partner
(212) 257-1643
ron.abramson@listonabramson.com

**VIA FEDERAL EXPRESS**

August 10, 2020

salesforce.com, inc.
685 Third Avenue
New York, New York 10017

Attn: Luana Gomes Mendez Martinez, Director and Senior Corporate Counsel

Re: Certain U.S. Patents Owned by Michael Philip Kaufman

Dear Ms. Martinez:

We write in the interest of opening a discussion between our client, Michael Philip Kaufman, and salesforce.com, inc. concerning certain U.S. patents that Mr. Kaufman owns relating to user interfaces for working with data stored in relational databases. The relevant patent family includes, without limitation, U.S. Patent Nos. 7,885,981 B2 and 10,025,801 B2, as well as U.S. Patent Application No. 16/034,696, published as U.S. Patent Publication No. 2019/0095173 A1 (as to which publication, this letter will constitute "actual notice" for purposes of 35 U.S.C. § 154(d)).

Mr. Kaufman has enforced the '981 patent against Microsoft Corporation, resulting earlier this year in a $7 million jury verdict in his favor on infringement and validity. *Kaufman v. Microsoft Corp.*, No. 16-2880 (S.D.N.Y).

From our investigation thus far, it appears that Salesforce's activities in the field of Mr. Kaufman's patents may be more extensive than the corresponding activities of Microsoft.

A particular focus of this investigation concerns the manner in which Salesforce's servers generate the on-screen UI for user data from Salesforce's underlying databases, which potentially affects the entirety of Salesforce's Sales Cloud, Service Cloud, and Marketing Cloud offerings (among others). The publicly available evidence reflects that these Salesforce offerings are using Mr. Kaufman's patented subject matter. Briefly, the basis for this allegation is that Salesforce's services automatically generate the user interface for user data as recited in Mr. Kaufman's patents, as may be seen, for example, when a user changes the structure of the database and the user-interface features automatically adapt to the change. Mr. Kaufman and we believe the presence of these features, and the overall manner in which Salesforce's cloud applications appear to work, reflect that Salesforce's CRM offerings automatically generate their on-screen UIs in the manner claimed in the '981 patent, either literally or under the doctrine of equivalents.

The same concerns arise with respect to the published claims of the '173 publication, which correspond to the claims of the '981 patent in material respects.

The publicly available evidence also reflects that in representing a primary user CRM table related through a foreign key to data in a second user table, Salesforce, to enhance its user interface of the CRM data, replaces the foreign key in the primary table with data from a different column in the second table, thereby also infringing the '801 patent. Mr. Kaufman's '981 patent, '801 patent, and '173 publication also claim systems configured to carry out the claimed methods, and computer-readable media containing software to perform such methods, which Salesforce users infringe by using such systems and media. Salesforce, by providing such systems and making such media accessible to its users, thereby acts to induce such infringement by its users (in addition to its own direct infringement).

Based on the above, Mr. Kaufman would like to know if Salesforce would be interested in a substantive dialog, to perhaps narrow or conceivably even eliminate these issues, or if Salesforce would be interested in discussing a license.

This letter is put forth in the interest of constructive dialog and potential compromise, and, of course, is without prejudice to Mr. Kaufman's rights to seek redress, if necessary and appropriate, in the U.S. court system. Since Mr. Kaufman resides in Manhattan, Salesforce has a substantial presence in Manhattan, and infringement as described herein occurs in locations including Manhattan, Mr. Kaufman would proceed, should legal enforcement be necessary, in the United States District Court for the Southern District of New York.

We ask that Salesforce respond to this letter no later than August 25, 2020.

                 Best regards,

                 Ronald Abramson

cc: Alex G. Patchen, Esq.

# Ronald Abramson

| | |
|---|---|
| **From:** | Ronald Abramson |
| **Sent:** | Wednesday, August 12, 2020 7:02 PM |
| **To:** | lmendes@salesforce.com |
| **Cc:** | David G. Liston; Alex G. Patchen |
| **Subject:** | Letter sent via FedEx |
| **Attachments:** | Letter - MP Kaufman.pdf |

Dear Ms. Mendes,

Attached please find the letter we sent to your attention at Salesforce's Third Avenue office via FedEx this past Friday.

As we discuss in the attached latter, our client, an inventor named Michael Kaufman, owns a family of U.S. patents, which we believe are relevant to Salesforce.

We would appreciate the opportunity to have a business discussion with Salesforce concerning the above-mentioned patents.

Please let us know whether or when we can discuss this matter with you. Otherwise, we ask that you forward this request, along with the attached letter, through the appropriate channels to whomever at Salesforce might be best positioned to discuss this matter with us.

We thank you in advance for your attention to what we consider to be a matter of mutual interest for Salesforce and Mr. Kaufman.

Best regards,

Ron Abramson

cc: David G. Liston, Alex G. Patchen

---

Ronald Abramson

## LISTON ABRAMSON

The Chrysler Building
405 Lexington Avenue, 46th Floor
New York, New York 10174
ron.abramson@listonabramson.com
t 212 257-1643    c 646 648-0388
www.listonabramson.com

# LISTON ABRAMSON

The Chrysler Building
405 Lexington Avenue, 46th Floor
New York, New York 10174

New York Office
Main: (212) 257-1630
www.listonabramson.com

Ronald Abramson, Partner
(212) 257-1643
ron.abramson@listonabramson.com

August 10, 2020

salesforce.com, inc.
685 Third Avenue
New York, New York 10017

Attn: Luana Gomes Mendes Martinez, Director and Senior Corporate Counsel

Re: Certain U.S. Patents Owned by Michael Philip Kaufman

Dear Ms. Mendes:

We write in the interest of opening a discussion between our client, Michael Philip Kaufman, and salesforce.com, inc. concerning certain U.S. patents that Mr. Kaufman owns relating to user interfaces for working with data stored in relational databases. The relevant patent family includes, without limitation, U.S. Patent Nos. 7,885,981 B2 and 10,025,801 B2, as well as U.S. Patent Application No. 16/034,696, published as U.S. Patent Publication No. 2019/0095173 A1 (as to which publication, this letter will constitute "actual notice" for purposes of 35 U.S.C. § 154(d)).

Mr. Kaufman has enforced the '981 patent against Microsoft Corporation, resulting earlier this year in a $7 million jury verdict in his favor on infringement and validity. *Kaufman v. Microsoft Corp.*, No. 16-2880 (S.D.N.Y).

From our investigation thus far, it appears that Salesforce's activities in the field of Mr. Kaufman's patents may be more extensive than the corresponding activities of Microsoft.

A particular focus of this investigation concerns the manner in which Salesforce's servers generate the on-screen UI for user data from Salesforce's underlying databases, which potentially affects the entirety of Salesforce's Sales Cloud, Service Cloud, and Marketing Cloud offerings (among others). The publicly available evidence reflects that these Salesforce offerings are using Mr. Kaufman's patented subject matter. Briefly, the basis for this allegation is that Salesforce's services automatically generate the user interface for user data as recited in Mr. Kaufman's patents, as may be seen, for example, when a user changes the structure of the database and the user-interface features automatically adapt to the change. Mr. Kaufman and we believe the presence of these features, and the overall manner in which Salesforce's cloud applications appear to work, reflect that Salesforce's CRM offerings automatically generate their on-screen UIs in the manner claimed in the '981 patent, either literally or under the doctrine of equivalents.

The same concerns arise with respect to the published claims of the '173 publication, which correspond to the claims of the '981 patent in material respects.

The publicly available evidence also reflects that in representing a primary user CRM table related through a foreign key to data in a second user table, Salesforce, to enhance its user interface of the CRM data, replaces the foreign key in the primary table with data from a different column in the second table, thereby also infringing the '801 patent. Mr. Kaufman's '981 patent, '801 patent, and '173 publication also claim systems configured to carry out the claimed methods, and computer-readable media containing software to perform such methods, which Salesforce users infringe by using such systems and media. Salesforce, by providing such systems and making such media accessible to its users, thereby acts to induce such infringement by its users (in addition to its own direct infringement).

Based on the above, Mr. Kaufman would like to know if Salesforce would be interested in a substantive dialog, to perhaps narrow or conceivably even eliminate these issues, or if Salesforce would be interested in discussing a license.

This letter is put forth in the interest of constructive dialog and potential compromise, and, of course, is without prejudice to Mr. Kaufman's rights to seek redress, if necessary and appropriate, in the U.S. court system. Since Mr. Kaufman resides in Manhattan, Salesforce has a substantial presence in Manhattan, and infringement as described herein occurs in locations including Manhattan, Mr. Kaufman would proceed, should legal enforcement be necessary, in the United States District Court for the Southern District of New York.

We ask that Salesforce respond to this letter no later than August 25, 2020.

Best regards,

Ronald Abramson

cc:   Alex G. Patchen, Esq.
      David. G. Liston, Esq.