# EXHIBIT 1

Application No. 14/324,414 (Attorney Docket No.: MPK001USC4)
Reply dated March 6, 2018
Reply to Non-Final Office Action of September 7, 2017

Amendments to the Claims

This listing of claims will replace all prior versions and listings of claims in the application:

Listing of Claims:

1. - 50. (Cancelled)

51.   (Currently Amended) A method for displaying, within a user interface operating under control of a processor, an enhanced representation of data from a relational database, the relational database comprising machine-readable data representing a plurality of tables, constraints, and relationships and also operating under control of a processor, wherein the plurality of tables comprises a primary table and a foreign table, wherein each one of the primary table and the foreign table comprises at least one row, and wherein each row comprises a plurality of columns, the method comprising:

using a processor to automatically construct a representation of data from a row of the primary table (primary-table row) by:

using a processor to identify a foreign key (FK) value in an FK column in the primary-table row, wherein the FK column references the foreign table;

using a processor to locate a row in the foreign table (foreign-table row) whose primary key (PK) value matches the identified FK value;

using a processor to select a value from the foreign-table row other than the PK value based on at least one of the following attributes of the column in the foreign table that contains the selected value:

column name;

2

Application No. 14/324,414 (Attorney Docket No.: MPK001USC4)
Reply dated March 6, 2018
Reply to Non-Final Office Action of September 7, 2017

column datatype;

at least one column constraint; [[and]] or

column position within the foreign table;

using a processor to derive a description of the foreign-table row using the selected value; and

using a processor to augment or supplant the FK value with the description in constructing the representation; and

using a processor to display the constructed representation.

52.    (Previously Presented) The method of claim 51, further comprising allowing, in the machine representation of the tables within the database, for explicit specification of instructions to derive the description of the foreign-table row.

53.    (Previously Presented) The method of claim 52, wherein the explicit specification can optionally supplant the default derivation as determined in accordance with claim 51.

54.    (Previously Presented) The method of claim 53, further comprising the scoping of explicit specifications, so as to enable both database-wide (global) and primary-table specific (local) use of the explicit specification.

55.    (Currently Amended) A non-transitory machine-readable medium, on which there has been recorded machine-readable code for a program executable on a processor, said program comprising routines for displaying, within a user

Application No. 14/324,414 (Attorney Docket No.: MPK001USC4)
Reply dated March 6, 2018
Reply to Non-Final Office Action of September 7, 2017

interface operating under control of a processor, an enhanced representation of data from a relational database, the relational database comprising machine-readable data representing a plurality of tables, constraints, and relationships and also operating under control of a processor, wherein the plurality of tables comprises a primary table and a foreign table, wherein each one of the primary table and the foreign table comprises at least one row, and wherein each row comprises a plurality of columns, the routines comprising:

a routine to automatically construct a representation of data from a row of the primary table (primary-table row) by:

a routine to identify a foreign key (FK) value in an FK column in the primary-table row, wherein the FK column references the foreign table;

a routine to locate a row in the foreign table (foreign-table row) whose primary key (PK) value matches the identified FK value;

a routine to select a value from the foreign-table row other than the PK value based on at least one of the following attributes of the column in the foreign table that contains the selected value:

column name;

column datatype;

at least one column constraint; [[and]] or

column position within the foreign table;

a routine to derive a description of the foreign-table row using the selected value; and

a routine to augment or supplant the FK

4

Application No. 14/324,414 (Attorney Docket No.: MPK001USC4)
Reply dated March 6, 2018
Reply to Non-Final Office Action of September 7, 2017

value with the description in constructing the representation; and

a routine to display the constructed representation.

56. (Previously Presented) The non-transitory machine-readable medium of claim 55, further comprising a routine for allowing, in the machine representation of the tables within the database, for explicit specification of instructions to derive the description of the foreign-table row.

57. (Previously Presented) The non-transitory machine-readable medium of claim 56, wherein the explicit specification can optionally supplant the default derivation as determined in accordance with claim 55.

58. (Previously Presented) The non-transitory machine-readable medium of claim 56, further comprising a routine for the scoping of explicit specifications, so as to enable both database-wide (global) and primary-table specific (local) use of the explicit specification.

59. (Previously Presented) The method of claim 51, wherein the derivation of the description uses the selected value and at least one other value from the foreign-table row.

60. (Previously Presented) The method of claim 51, wherein the value is selected based at least in part on the column name of the column in the foreign table that contains the selected value.

Application No. 14/324,414 (Attorney Docket No.: MPK001USC4)
Reply dated March 6, 2018
Reply to Non-Final Office Action of September 7, 2017

61.    (Previously Presented) The method of claim 51, wherein the value is selected based at least in part on the column datatype of the column in the foreign table that contains the selected value.

62.    (Previously Presented) The method of claim 51, wherein the value is selected based at least in part on at least one column constraint of the column in the foreign table that contains the selected value.

63.    (Previously Presented) The method of claim 51, wherein the value is selected based at least in part on the column position within the foreign table of the column in the foreign table that contains the selected value.

64.    (Previously Presented) The method of claim 51, wherein the derivation of the description comprises:

identifying an FK value in an FK column in the located foreign-table row, wherein the FK column in the located foreign-table row references a third table of the plurality of tables;

locating a row in the third table (third-table row) whose PK value matches the identified FK value in the located foreign-table row; and

using at least one value from the third-table row other than the PK value to derive the description.

65.    (Previously Presented) The method of claim 53, wherein the derivation of the description comprises:

specifying an FK value in an FK column in the located foreign-table row, wherein the FK column in the located

Application No. 14/324,414 (Attorney Docket No.: MPK001USC4)
Reply dated March 6, 2018
Reply to Non-Final Office Action of September 7, 2017

foreign-table row references a third table of the plurality of
tables;

        locating a row in the third table (third-table
row) whose PK value matches the specified FK value in the
located foreign-table row; and

        using at least one value from the third-table row
other than the PK value to derive the description.

      66.  (Previously Presented) The non-transitory
machine-readable medium of claim 55, wherein the derivation of
the description uses the selected value and at least one other
value from the foreign-table row.

      67.  (Previously Presented) The non-transitory
machine-readable medium of claim 55, wherein the value is
selected based at least in part on the column name of the column
in the foreign table that contains the selected value.

      68.  (Previously Presented) The non-transitory
machine-readable medium of claim 55, wherein the value is
selected based at least in part on the column datatype of the
column in the foreign table that contains the selected value.

      69.  (Previously Presented) The non-transitory
machine-readable medium of claim 55, wherein the value is
selected based at least in part on at least one column
constraint of the column in the foreign table that contains the
selected value.

      70.  (Previously Presented) The non-transitory
machine-readable medium of claim 55, wherein the value is

7

Application No. 14/324,414 (Attorney Docket No.: MPK001USC4)
Reply dated March 6, 2018
Reply to Non-Final Office Action of September 7, 2017

selected based at least in part on the column position within
the foreign table of the column in the foreign table that
contains the selected value.

71.    (Previously Presented) The non-transitory
machine-readable medium of claim 55, wherein the derivation of
the description comprises:

identifying an FK value in an FK column in the
located foreign-table row, wherein the FK column in the located
foreign-table row references a third table of the plurality of
tables;

locating a row in the third table (third-table
row) whose PK value matches the identified FK value in the
located foreign-table row; and

using at least one value from the third-table row
other than the PK value to derive the description.

72.    (Previously Presented) The non-transitory
machine-readable medium of claim 57, wherein the derivation of
the description comprises:

specifying an FK value in an FK column in the
located foreign-table row, wherein the FK column in the located
foreign-table row references a third table of the plurality of
tables;

locating a row in the third table (third-table
row) whose PK value matches the specified FK value in the
located foreign-table row; and

using at least one value from the third-table row
other than the PK value to derive the description.

Application No. 14/324,414 (Attorney Docket No.: MPK001USC4)
Reply dated March 6, 2018
Reply to Non-Final Office Action of September 7, 2017

<u>REMARKS</u>

<u>Introduction</u>

A three-month extension of time in which to respond to the Office Action dated September 7, 2017 for the above-identified patent application is respectfully requested. The required fee is being paid by credit card, but the Director is authorized to charge any underpayment or to credit any overpayment to Deposit Account No. 50-6007.

Claims 1-50 have been previously cancelled without prejudice. Applicants hereby reserve the right to pursue the subject matter of one or more of these claims in one or more continuation applications. Claims 51 and 55 have been amended. Claims 52-54 and 56-72 are currently pending in the above-identified patent application. No new subject matter has been introduced and all amendments are fully supported by the application as originally filed.

Claims 51-72 have been rejected under 35 U.S.C. § 101 as allegedly being directed to a judicial exception.

Reconsideration and allowance of this application in light of the following remarks is hereby respectfully requested.

<u>Summary of Examiner Interview</u>

Applicants would like to thank the Examiner for the many courtesies extended during the November 14, 2017 telephonic interview with the undersigned. During the interview, the Examiner and applicant discussed claim 51. No agreement was reached. An Interview Summary was mailed on November 22, 2017.

Application No. 14/324,414 (Attorney Docket No.: MPK001USC4)
Reply dated March 6, 2018
Reply to Non-Final Office Action of September 7, 2017


The Rejections Under 35 U.S.C. § 101

Claims 51-72 have been rejected under 35 U.S.C. § 101 as allegedly being directed to a judicial exception.  These rejections are respectfully traversed.

Claims 51-54 and 59-65

Applicants' amended independent claim 51 recites:

A method for displaying, within a user interface operating under control of a processor, an enhanced representation of data from a relational database, the relational database comprising machine-readable data representing a plurality of tables, constraints, and relationships and also operating under control of a processor, wherein the plurality of tables comprises a primary table and a foreign table, wherein each one of the primary table and the foreign table comprises at least one row, and wherein each row comprises a plurality of columns, the method comprising:

using a processor to automatically construct a representation of data from a row of the primary table (primary-table row) by:

using a processor to identify a foreign key (FK) value in an FK column in the primary-table row, wherein the FK column references the foreign table;

using a processor to locate a row in the foreign table (foreign-table row) whose primary key (PK) value matches the identified FK value;

using a processor to select a value from the foreign-table row other than the PK value based on at least one of the following attributes of the column in the foreign table that contains the selected value:

column name;
column datatype;
at least one column constraint; or
column position within the foreign table;

using a processor to derive a description of the foreign-table row using the selected value; and

using a processor to augment or supplant the FK value with the description in constructing the representation; and

using a processor to display the constructed representation.

Application No. 14/324,414 (Attorney Docket No.: MPK001USC4)
Reply dated March 6, 2018
Reply to Non-Final Office Action of September 7, 2017

For example, this concept is described at paragraphs [0050]-[0067] of applicants' specification (i.e., of U.S. Patent Application Publication No. 2015-0019593 (hereinafter "applicants' specification")).

While the Examiner maintains that applicants' independent claim 51 is allowable over the prior art, the Examiner has rejected applicants' independent claim 51 under 35 U.S.C. § 101 as allegedly being directed to a judicial exception without significantly more, presumably due to the U.S. Supreme Court case of *Alice Corp. Pty Ltd. v. CLS Bank Int'l, 134 S. Ct. 2347 (2014)* (hereinafter "*Alice*") and the various Examination Guidelines that issued subsequently by the U.S. Patent and Trademark Office (USPTO) with respect to subject matter eligibility (SME). In the Office Action, the Examiner makes a general allegation that "the claimed invention is directed to a judicial exception (i.e., a law of nature, a natural phenomenon, or an abstract idea) without significantly more" (Office Action, page 3). Furthermore, the Examiner states that claims 51-72 are "directed to the abstract idea of a database [that] comprise[s] a number of tables, constraints and relationships," and that the "database interrogates, and information specifying its table structures, constraints and relationships extracted from it for using the information to construct a corresponding client application[, t]o provide support for end-user data-modification and manipulation transactions such as creating, revising, removing, and selecting among data records" (Office Action, page 3). Moreover, the Examiner states that the steps of applicants' independent claim 51 describe "collecting, displaying and manipulating data, which correspond to concepts identified as abstract by the courts, such as in *Intellectual Ventures I LLC v. Capital One*

11

Application No. 14/324,414 (Attorney Docket No.: MPK001USC4)
Reply dated March 6, 2018
Reply to Non-Final Office Action of September 7, 2017

Bank," 850 F.3d 1332 (2017) (hereinafter "*Intellectual Ventures*"), and that "[a]ll of these concepts relate to the mere collection and organization of data and applying mental processes as an idea of itself to data" and the "concept described in claim 51 is not meaningfully different than those concepts found by the courts to be abstract ideas" (Office Action, page 4).

However, applicant respectfully submits that, by describing the claims "at such a high level of abstraction and untethered from the language of the claims," the Examiner "all but ensures that the exceptions of § 101 swallow the rule" (*Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016)) (hereinafter "*Enfish*"). Moreover, see *Alice at 2354*, which notes that "we tread carefully in construing this exclusionary principle [of laws of nature, natural phenomena, and abstract ideas] lest it swallow all of patent law."

Rather than the judicial exception identified by the Examiner, the method of applicants' independent claim 51 is directed to solving a far more specific problem; namely, automatically modifying the representation of cross-referenced data within computer-generated user interfaces for displaying and manipulating data so as to be comprehensible to human end-users. As described by paragraph [0008] of applicants' specification, the prior state-of-the-art was limited to "form generator" facilities for operating on data within a single table. These solutions were of limited utility to end-users, however, because the data in relational-database tables typically include unintelligible cross-reference pointers to related data in other tables. Users of such solutions were thus nominally empowered to collect, display, and manipulate data - but not to understand its referential significance, or to alter

Application No. 14/324,414 (Attorney Docket No.: MPK001USC4)
Reply dated March 6, 2018
Reply to Non-Final Office Action of September 7, 2017

it for desired effect. Enhancement of such solutions, in order to address these deficiencies, previously required the "manual" efforts of programmers, hand-customized to the particular structure of each and every individual table. On the other hand, applicants' independent claim 51 is directed towards a method that acts on the structure and the contents of (or data within) a database, during production-phase use by data-entry personnel, to facilitate the creation, retrieval, updating, and deletion of data records by effectively denormalizing the underlying database structure in various ways so as to present "automatically" a user interface that reveals and supports understanding of the tables' contents and their relational dynamics. In effect, the present application teaches how an end-user program can automatically understand a(n already) normalized database structure and apply that knowledge to present a comprehensible user interface for everyday access to the data therein. The present application provides support for applying formal data structure rules and/or naming conventions to automatically determine default constructions for foreign-table row descriptors, derived from the contents of one or more foreign-row fields, as described by applicants' independent claim 51, in order to augment or supplant the actual foreign key (FK) field values within display representations of primary table data, as also described by applicants' independent claim 51.

        As in *Enfish*, applicant respectfully submits that the Examiner ought to "find it relevant to ask whether the claims are directed to an improvement to computer functionality versus being directed to an abstract idea, even at the first step of the *Alice* analysis," and, "[f]or that reason, the first step in the *Alice* inquiry in this case asks whether the focus of the

13

Application No. 14/324,414 (Attorney Docket No.: MPK001USC4)
Reply dated March 6, 2018
Reply to Non-Final Office Action of September 7, 2017

claims is on the specific asserted improvement in computer
capabilities . . . or, instead, on a process that qualifies as
an 'abstract idea' for which computers are invoked merely as a
tool" (*Enfish*).  Indeed, like the claims in *Enfish*, applicants'
independent claim 51 is not directed to the abstract idea of
collecting, displaying, and manipulating data, and, like the
claims in *Enfish*, the method of applicants' independent claim 51
is not "a situation where general-purpose computer components
are added post-hoc to a fundamental economic practice or
mathematical equation" (*Enfish*).  Instead, the method of
applicants' independent claim 51, like the claims in *Enfish*, is
"directed to a specific implementation of a solution to a
problem in the software arts" (Enfish).  Therefore, applicants'
independent claim 51 ought to be found to be not directed to an
abstract idea.

        Particularly, the method of applicants' independent
claim 51 is directed to a specific implementation of the
solution to the problem in the software arts for enhancing and
extending the displays automatically generated by prior systems,
by "automatically constructing a representation of any database
table" such that "all cross-table relationships are resolved so
as to supplant internal key fields in the primary table with
corresponding descriptive fields derived from the related
tables" (paragraph [0015] of applicants' specification (see
also, paragraphs [0054]-[0056] of applicants' specification)).
By eliminating the need for a programmer to manually develop
customized enhancements for each particular database, the
specific implementation of the method of applicants' independent
claim 51 is a particular solution to a problem in the software
arts that "reflect[s] novel and nonobvious advances over the
prior art" (paragraph [0028] of applicants' specification).

14

Application No. 14/324,414 (Attorney Docket No.: MPK001USC4)
Reply dated March 6, 2018
Reply to Non-Final Office Action of September 7, 2017

        As stated on page 2 of the Memorandum of May 19, 2016 by the USPTO for describing Recent Subject Matter Eligibility Decisions (*Enfish, LLC v. Microsoft Corp. and TLI Communications LLC v. A.V. Automotive, LLC*) (hereinafter the "May 19th Memo"), "[t]he claims of the patents at issue in this [*Enfish*] case describe the steps of configuring a computer memory in accordance with a self-referential table, in both method claims and system claims that invoke 35 U.S.C. § 112(f)," and "[t]he court asked whether the focus of the claims is on the specific asserted improvement in computer capabilities (i.e., the self-referential table for a computer database), or instead on a process that qualifies as an 'abstract idea' for which computers are invoked merely as a tool," whereby, "[t]o make the determination of whether these claims are directed to an improvement in existing computer technology, the court looked to the teachings of the specification," and "[s]pecifically, the court identified the specification's teachings that the claimed invention achieves other benefits over conventional databases," and "[i]t was noted that the improvement does not need to be defined by reference to 'physical' components," but, "[i]nstead, the improvement here is defined by logical structures and processes, rather than particular physical features," such that the "Federal Circuit stated that the Enfish claims were not ones in which general-purpose computer components are added after the fact to a fundamental economic practice or mathematical equation, but were directed to a specific implementation of a solution to a problem in the software arts," and then "concluded that the Enfish claims were thus not directed to an abstract idea (under Step 2A)."

Application No. 14/324,414 (Attorney Docket No.: MPK001USC4)
Reply dated March 6, 2018
Reply to Non-Final Office Action of September 7, 2017


        Applicant respectfully submits that similar
determinations must be made with respect to applicants'
independent claim 51. The method of applicants' independent
claim 51, like the claims at issue in *Enfish*, is directed to
improving the performance of software designed to solve a
specific problem in relational database technology, such that
*Enfish* is an appropriate guide in this current case. Like
*Enfish*, the teachings of applicants' specification identify that
the method of applicants' independent claim 51 achieves benefits
over conventional methods. For example, as described at
paragraph [0009] of applicants' specification, conventional form
generators still require "considerable work" in additional
manual coding for "building a complete, fully-functional UI for
a back-end schema of any appreciable size or complexity –
especially where industrial-grade performance and reliability is
required," and, "as enterprise-scale data models continue to
grow, the attendant explosion of manual-coding requirements
quickly becomes unwieldy—and eventually, untenable."
Applicants' independent claim 51 provides particular "techniques
for automatically constructing a representation of any database
table, wherein all cross-table relationships are resolved so as
to supplant internal key fields in the primary table with
corresponding descriptive fields derived from the related
tables" (applicants' specification, paragraph [0015]).
Furthermore, "[t]o enhance the run-time performance of
Browse-mode displays, the system automatically generates a
corresponding back-end 'view' for every table" (paragraph [0063]
of applicants' specification), as implemented via the method of
applicants' independent claim 51.

Application No. 14/324,414 (Attorney Docket No.: MPK001USC4)
Reply dated March 6, 2018
Reply to Non-Final Office Action of September 7, 2017

Therefore, like the claims of *Enfish*, the method of applicants' independent claim 51 is clearly not one in which general-purpose components are added after the fact to a fundamental economic practice or mathematical equation, but is directed to a specific implementation of a solution to a problem in the software arts. Therefore, like the court did in *Enfish*, applicants respectfully submit that the Examiner ought to conclude that the method of applicants' independent claim 51 is not directed to an abstract idea.

For at least these reasons, applicants respectfully submit that applicants' independent claim 51 and all claims dependent therefrom, including claims 52-54 and 59-65, are eligible for patent protection under 35 U.S.C. § 101 and, thus, allowable. Therefore, applicants respectfully request that the rejections of claims 51-54 and 59-65 under 35 U.S.C. § 101 be withdrawn.

<u>Claims 55-58 and 66-72</u>

Applicants' amended independent claim 55 recites:

A non-transitory machine-readable medium, on which there has been recorded machine-readable code for a program executable on a processor, said program comprising routines for displaying, within a user interface operating under control of a processor, an enhanced representation of data from a relational database, the relational database comprising machine-readable data representing a plurality of tables, constraints, and relationships and also operating under control of a processor, wherein the plurality of tables comprises a primary table and a foreign table, wherein each one of the primary table and the foreign table comprises at least one row, and wherein each row comprises a plurality of columns, the routines comprising:

a routine to automatically construct a representation of data from a row of the primary table

Application No. 14/324,414 (Attorney Docket No.: MPK001USC4)
Reply dated March 6, 2018
Reply to Non-Final Office Action of September 7, 2017

(primary-table row) by:
a routine to identify a foreign key (FK) value in an FK column in the primary-table row, wherein the FK column references the foreign table;
a routine to locate a row in the foreign table (foreign-table row) whose primary key (PK) value matches the identified FK value;
a routine to select a value from the foreign-table row other than the PK value based on at least one of the following attributes of the column in the foreign table that contains the selected value:
column name;
column datatype;
at least one column constraint; or
column position within the foreign table;
a routine to derive a description of the foreign-table row using the selected value; and
a routine to augment or supplant the FK value with the description in constructing the representation; and
a routine to display the constructed representation.

Therefore, for at least some of the reasons that applicants' independent claim 51 is eligible for patent protection under 35 U.S.C. § 101 and, thus, allowable, applicants respectfully submit that applicants' independent claim 55 and all claims dependent therefrom, including claims 56-58 and 66-72, are also eligible for patent protection under 35 U.S.C. § 101 and, thus, allowable. Therefore, applicants respectfully request that the rejections of claims 55-58 and 66-72 under 35 U.S.C. § 101 be withdrawn.

Application No. 14/324,414 (Attorney Docket No.: MPK001USC4)
Reply dated March 6, 2018
Reply to Non-Final Office Action of September 7, 2017

Conclusion

       In view of the foregoing, applicants respectfully submit that claims 51-72 are allowable.  This application is therefore in condition for allowance.  Reconsideration and prompt allowance of this application are respectfully requested. Should the Examiner not agree, then a telephonic interview is respectfully requested to discuss any remaining issues in an effort to expedite the allowance of this application.

                    Respectfully submitted,

Date: March 6, 2018      /Jeffrey C. Aldridge/
                    Jeffrey C. Aldridge
                    Registration No. 51,390
                    Attorney for Applicants
                    Van Court & Aldridge LLP
                    Customer No. 111377
                    154 Grand Street
                    New York, New York 10013
                    Tel.: (347) 470-6620