USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/22/2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL PHILIP KAUFMAN<br><br>Plaintiff,<br><br>v.<br><br>SALESFORCE.COM, INC.,<br><br>Defendant. | Civ. No. 1-20-cv-06879 (JPC) (SN)<br><br>**<u>PROTECTIVE ORDER</u>** |

HONORABLE SARAH NETBURN, U.S.M.J.

WHEREAS, Plaintiff Michael Philip Kaufman and Defendant salesforce.com, inc. (collectively, the "Parties"), believe that certain information that is or will be encompassed by discovery demands by the Parties in the above-captioned action (the "Litigation") involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      "Discovery Materials" means anything produced or provided by one Party to another Party or by any Third Party to a Party in this Litigation, including, but not limited to, documents, things, deposition testimony, responses to interrogatories, responses to requests for admission, responses to requests for production of documents, deposition transcripts and videos, deposition exhibits, and other writings or things produced, given, served, or filed in this Litigation,

as well as any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

2.      "Producing Party" or "Designating Party" means a Party to this Litigation, or any Third Party, on behalf of which documents, things, or information are furnished, produced, or disclosed, whether voluntarily or in response to a request for discovery, subpoena, or by court order, during the course of this Litigation.

3.      "Receiving Party" means a Party to which documents, things or information are furnished, disclosed, or produced during the course of this Litigation.

4.      A designation of "Confidential" shall mean Discovery Material that a Producing Party considers in good faith to contain confidential information and/or proprietary information not otherwise known or available to the public.

5.      A designation of "Confidential Attorneys' Eyes Only" shall mean Discovery Material that a Producing Party considers in good faith to constitute or contain trade secrets or other non-public, highly sensitive confidential research, development, technical, business, and/or financial information that has not become public, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

6.      A designation of "Confidential Attorneys' Eyes Only — Source Code" shall mean Discovery Material that a Producing Party considers in good faith to constitute or include source code.

**Designation and Maintenance of Information.**

7.      Confidential, Confidential Attorneys' Eyes Only, and Confidential Attorneys' Eyes Only — Source Code information does not include, and this Protective Order does not apply to (a) information that is already lawfully in the knowledge or possession of the Receiving Party (although this paragraph does not release a Party from any obligations imposed by other

2

agreements not to disclose such information), or (b) information that has been disclosed to the public or third persons in a manner making such information no longer confidential where such disclosure was not done by a Party in violation of this Agreement.

8. Discovery Materials produced during the course of this Litigation containing information within the scope of Paragraphs 4, 5, and 6 ("Confidential Information") above may be designated by the Producing Party by placing on each page and each thing a legend substantially as follows:

> **For Paragraph 4: "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER"**
>
> **For Paragraph 5: "CONFIDENTIAL ATTORNEYS' EYES ONLY" or "CONFIDENTIAL ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER"**
>
> **For Paragraph 6: "CONFIDENTIAL ATTORNEYS' EYES ONLY — SOURCE CODE - SUBJECT TO PROTECTIVE ORDER"**

In the event that a Party chooses to produce documents in native format, the designation under this section may be made by (a) producing the documents in a database and including the designation in a separate database field, (b) affixing a label to the media on which the native documents are being produced, (c) including the designation in the native document's file name, or (d) providing notice of such designation by any other means agreed to in writing by both the Receiving Party and the Producing Party.  To the extent a Receiving Party intends to use a document produced in native format for depositions, pleadings, trial, or for any other purpose where the identification of individual pages is necessary, that Party shall number the individual pages of the document (to the extent it has pages) such that, for example, with respect to information produced in native format and marked with the bates number "227543," a Party wishing to use that information in a deposition will number the individual pages as "227543.1, 227543.2, ...").

9.      A Party may designate Discovery Materials disclosed at a deposition as Confidential, Confidential Attorneys' Eyes Only, and Confidential Attorneys' Eyes Only — Source Code by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.  If no such designation is made at the time of the deposition, any Producing Party will have forty-five (45) calendar days after receipt of the deposition transcript to designate, in writing to a Receiving Party and to the court reporter, whether the transcript or any portion thereof is to be designated as Confidential, Confidential Attorneys' Eyes Only, and Confidential Attorneys' Eyes Only — Source Code.  During this forty-five (45) calendar day period, the entire transcript must be treated as Confidential Attorneys' Eyes Only, unless the Producing Party consents to less confidential treatment of all or some of the transcript.  If no such designation is made at the time of the deposition or within this forty-five (45) calendar day period, the entire deposition will be considered undesignated pursuant to this Protective Order.  Each Party and the court reporter must clearly annotate the transcript and each copy of the transcript in its possession, custody, or control with any timely designation, and the materials so designated must thereafter be treated in accordance with this Protective Order.  It is the responsibility of outside counsel of record for each Party to maintain materials containing Confidential, Confidential Attorneys' Eyes Only, or Confidential Attorneys' Eyes Only — Source Code information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate or Claim Privilege.**

10.      The inadvertent failure to designate Discovery Materials in accordance with this Protective Order or to withhold information, documents, or other things as subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable immunity, privilege, or exemption from discovery, will not be deemed to waive a later claim as to its confidential or

privileged nature.  In the case of a failure to designate Discovery Materials under the Protective Order, such failure shall not preclude the Producing Party from making appropriate designations at a later date in writing and with particularity.  The newly designated information must be treated by the Receiving Party in accordance with its new designation from the time the Receiving Party is notified in writing of the change.

11.     If a Producing Party inadvertently discloses to a Receiving Party information that is subject to the attorney-client privilege, the work product doctrine, or that is otherwise privileged or immune from discovery, the Producing Party shall promptly, upon learning of such disclosure, so advise the Receiving Party in writing.  Should the Receiving Party reasonably believe that the Producing Party inadvertently produced privileged Discovery Materials, the Receiving Party shall promptly notify the Producing Party in writing.  The Producing Party shall respond within eight (8) business days confirming the privilege status of the Discovery Materials in question. If the Producing Party notifies the Receiving Party that the inadvertently produced Discovery Materials are privileged, then the Receiving Party shall return or confirm destruction of the identified Discovery Materials within eight (8) calendar days of receipt of the notice from the Producing Party that the Discovery Materials in question are privileged.  The Receiving Party shall also destroy any extra copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information.  The notice from the Producing Party shall include a privilege log for the inadvertently produced materials to the Receiving Party.  No Party to this Litigation shall thereafter assert that such disclosure waived any claim of attorney-client privilege, work product, or other privilege or immunity.  The Party returning such inadvertently produced Discovery Materials may seek production of any such documents in accordance with the Federal Rules of Civil Procedure (based on information independent of the content of the allegedly privileged materials in question),

5

but in so doing may not assert that the inadvertent production by the Producing Party waived any claim of attorney-client privilege, work product, or other privilege or immunity.  Outside counsel of record shall not be required to delete information that may reside on their respective firms' electronic back-up systems that are over-written in the normal course of business.

**Post-filing Privileged Materials.**

12.     The Parties agree that information protected from disclosure as a result of attorney-client privilege, work product, or other privilege or immunity created occurring on or after August 10, 2020, need not be recorded on the Party's privilege log or produced, provided, however, that Plaintiff will not be required to log materials created solely for and used solely in its prior litigation captioned *Kaufman v. Microsoft Corp.*, Case No. 16-cv-2880-AKH.  This Paragraph does not prejudice any Party's ability to make a particularized request for a limited log relating to specific documents, upon an appropriate showing of potential discoverability of the documents over privilege or protection objections.

**Challenge to Designations.**

13.     A Receiving Party may challenge a Producing Party's designation of information as Confidential, Confidential Attorneys' Eyes Only, or Confidential Attorneys' Eyes Only Source Code at any time.  Any Receiving Party disagreeing with a designation may request in writing that the Producing Party change the designation.  A Receiving Party that elects to initiate a challenge must do so in good faith and explain in writing the basis for its belief that the confidentiality designation is improper.  The Producing Party will then have seven (7) business days after receipt of a challenge notice to advise the Receiving Party whether or not it will change the designation. If the Parties are unable to reach agreement after the expiration of this seven (7) business day time-frame, the Receiving Party may within seven (7) business days thereafter, seek an order to alter the confidential status of the designated information.  Until any dispute under this paragraph is

ruled upon by the Court, the Producing Party's designation will remain in full force and effect, and the information will continue to be accorded the designated level of confidential treatment required by this Protective Order.  The Producing Party shall have the burden of persuading the Court that the designation of materials as Confidential, Confidential Attorneys' Eyes Only, or Confidential Attorneys' Eyes Only Source Code is appropriate.

**Disclosure and Use of Confidential Information.**

14.     Absent agreement in writing by the Producing Party or Order of the Court, information designated as Confidential, Confidential Attorneys' Eyes Only, or Confidential Attorneys' Eyes Only Source Code may only be used for purposes of preparation, trial and appeal of this Litigation.  This Protective Order has no effect upon and shall not apply to (a) any Producing Party's use of its own Confidential, Confidential Attorneys' Eyes Only, or Confidential Attorneys' Eyes Only Source Code materials for any purpose, (b) any person's use of documents or other information developed or obtained independently of discovery in this Litigation for any purpose, or (c) non-confidential documents produced in this Litigation.

15.     Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a Party-client in this Litigation and, in the course thereof, relying upon such attorney's knowledge of Confidential, Confidential Attorneys' Eyes Only, or Confidential Attorneys' Eyes Only Source Code information; provided, however, that counsel shall not disclose the substance of Confidential, Confidential Attorneys' Eyes Only, or Confidential Attorneys' Eyes Only Source Code information in a manner not specifically authorized under this Protective Order.

16.     Subject to Paragraph 20 below, and except as prohibited by Paragraph 14 above, information designated Confidential may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

a.      Internal counsel associated with a party or the parent company of a party and up to two employees or officers of a party who either have responsibility for making decisions dealing directly with the litigation of this action or who are assisting outside counsel in preparation for proceedings in this action and who certify that they are not involved in "competitive decision making" as that term is understood under applicable law ("Corporate Designee(s)"));

With respect to Corporate Designees:

(i)      Written notice via electronic mail or next day certified parcel delivery must be given to all parties of such designation and must provide a description of the Corporate Designee's title and responsibilities.

(ii)     Any Party may object to the designation of a Corporate Designee within five (5) business days from the date of electronic mail service of the materials and information, plus three (3) additional calendar days if service is made by mail. Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on the Party or Parties proposing the designation of the Corporate Designee. Subject to subparagraph (iii) below, Protected Information of a Producing Party shall not be disclosed to a Corporate Designee during the foregoing period for objection. Failure to object within the period referenced in this Paragraph shall constitute approval.

(iii)    If a written notice of objection is served, no Protected Information of a Producing Party shall be disclosed to the proposed Corporate Designee until the objection is resolved by agreement or by an order of the Court.  Following service of the written notice of objection and if the objection has not been resolved by agreement of the parties, the objecting party shall utilize the dispute resolution procedures for discovery matters set forth in Paragraph 5.C of the Court's Individual Rules and Practices for Civil Cases within seven (7) business days of serving such notice, for a ruling on its objection.  A failure to utilize the dispute resolution procedures for discovery matters within a five (5) business day period shall operate as an approval of disclosure of the Protected Information to the Corporate Designee.

      b.      outside counsel of record for the Receiving Party and outside co-counsel who assist outside counsel of record in this matter provided that the latter has signed the undertaking to comply with this Protective Order as set forth in Exhibit B**;**

      c.      the Court;

      d.      outside experts or consultants, subject to compliance with Paragraph 18;

      e.      supporting personnel employed by (a), (b), (c), and (d) such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services;

      f.      any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of a computer database from documents for outside counsel of record's use only;

      g.      the Named Party, provided he certifies that the information will be used solely for purposes of this Litigation, and

      h.      those individuals permitted under Paragraph 25.

17.      Subject to Paragraphs 20 through 25 below, and except as prohibited by Paragraph 14 above, information designated as Confidential Attorneys' Eyes Only, or Confidential Attorneys' Eyes Only Source Code may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

      a.      outside counsel of record for the Receiving Party and outside co-counsel who assist outside counsel of record in this matter provided that the latter has signed the undertaking to comply with this Protective Order as set forth in Exhibit B;

      b.      the Court;

      c.      outside experts or consultants, subject to compliance with Paragraph 18;

d.      supporting personnel employed by (a), (b), and (c) such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services;

e.      any persons requested by outside counsel of record to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of a computer database from documents for outside counsel of record's use only;

f.      those individuals permitted under Paragraph 25; and

g.      for Salesforce, in-house counsel Daniel Reed, Aseem Gupta, and George Yu, provided that they have executed the Confidentiality Agreement attached as Exhibit A.

18.      Further, prior to disclosing Confidential, Confidential Attorneys' Eyes Only, or Confidential Attorneys' Eyes Only Source Code information to a Receiving Party's proposed expert or consultant, the Receiving Party must provide to the Producing Party (a) a signed Confidentiality Agreement in the form attached to this Protective Order as Exhibit A, (b) the resume or curriculum vitae of the proposed expert or consultant, including identifying the proposed expert's or consultant's current employer, (c) a list that identifies each person or entity for which the proposed expert or consultant has consulted during the last four (4) years, and that identifies the general subject matter of the work, and (d) a listing of cases in which the proposed expert or consultant has testified as an expert at trial or by deposition within the preceding four (4) years preceding the date on which the expert or consultant executes Exhibit A.  The parties agree that confidential consulting or employment relationships are not exempt from disclosure, such that experts and consultants should obtain permission to disclose confidential relationships as "Confidential Attorneys' Eyes Only" for this limited purpose.  Where permission to disclose a confidential relationship cannot be obtained in good faith, the Parties agree to provide the industry

10

segment and a general description of the involved technology, if any, to which the confidential relationship pertains, as well as a statement regarding whether the consulting relationship was with a Party.  The Producing Party will thereafter have ten (10) days from receipt of this material to object to any proposed individual.  The objection must be made for good cause and in writing, stating with particularity the reasons for the objection.  Failure to object within ten (10) days constitutes approval.  If the Parties are unable to resolve any objection, the Receiving Party may apply to the Court to resolve the matter.  There will be no disclosure to any proposed individual during the ten (10) day objection period, unless that period is waived by the Producing Party. Unless the Parties otherwise resolve the objection, the Objecting Party shall have an additional seven (7) business days from the end of the objection period to file an appropriate motion to preclude the employment of the expert or consultant and/or disclosures of Confidential, Confidential Attorneys' Eyes Only, or Confidential Attorneys' Eyes Only Source Code material to him or her, and no Confidential, Confidential Attorneys' Eyes Only, or Confidential Attorneys' Eyes Only Source Code material that is the subject of the objection will be disclosed until the motion is decided.  The times to respond as set out in this paragraph shall not begin to run unless the identifying information served regarding the expert complies with the requirements set out herein.

19.    Outside counsel of record is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order.  Outside counsel of record may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

20.    Confidential, Confidential Attorneys' Eyes Only or Confidential Attorneys' Eyes Only — Source Code information may be disclosed to a person who is not already allowed access to such information under this Protective Order if outside counsel of record for the Party

designating the material agrees in writing that the material may be disclosed to the person. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Protections for Source Code.**

21.     The parties recognize that software can be highly valuable and must be maintained in confidence.  Such software and in particular readable software in the form of source code or assembly code, including excerpts, is collectively referred to herein as "Source Code."  The defined term "Source Code," as used herein, shall not include publicly-available documents legally obtained by a party from the Patent Office or Copyright Office.

22.     Where materials consisting of source code are designated as Confidential Attorneys' Eyes Only — Source Code, this section shall apply thereto in addition to the other provisions of this Protective Order.  Access to and review of source code shall be strictly for the purpose of investigating the claims and defenses at issue in this case.  Pursuant to Paragraph 23 below, such materials shall be made available for inspection by the persons to whom disclosure is authorized pursuant to this Protective Order during this Litigation, upon reasonable notice and at a mutually convenient time at a designated facility.  The Receiving Party will provide notice of a request to inspect the Source Code at least five (5) business days before requested access.  Although under no obligation to do so, the Producing Party will make good faith efforts to accommodate reasonable requests for access when less notice is provided.  Review of materials consisting of source code may be conducted at a designated facility on business days and between 9:00 a.m. to 5:30 p.m. local time.  The Receiving Party will make a good faith effort to complete inspections during normal business hours but may request to review the source code outside of such hours. Although under no obligation to do so, the Producing Party will make good faith efforts to accommodate the

Receiving Party's request.   Producing Parties are under no obligation to maintain designated facilities while source code is not being reviewed.

23.     Nothing in this Protective Order shall be construed to obligate (or exempt) the Parties from producing any source code or act as an admission that any particular source code is discoverable.   However, if Discovery Material designated as Confidential Attorneys' Eyes Only — Source Code is produced at a designated facility, it shall be subject to the following provisions. Moreover, all such source code, and any other Discovery Materials designated as Confidential Attorneys' Eyes Only — Source Code, that is produced at a designated facility shall be subject to the following provisions:

a.      All source code will be made available by the Producing Party to the Receiving Party at the offices of its outside counsel (the "designated facility") in a private room on a secured computer ("the Source Code Computer").[1]   The Source Code Computer shall not have access to any networks or other computers, including the Internet.   The Receiving Party's ability to access the Internet in a room separate from the Source Code Computer shall not be unreasonably prevented.   The Producing Party shall be under no obligation whatsoever to provide Receiving Party with Internet access in such separate room.   The Producing Party shall provide and install such tools or programs at its discretion that are sufficient to review the Source Code on the platform produced.   The Receiving Party may request that commercially available software tools for viewing Source Code be installed on the Source Code Computer at the Receiving Party's expense , provided, however, that, if(a) the Receiving Party provides an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software

---

[1]   The Producing Party, in its sole discretion, shall also have the option of producing source code on paper or a computer readable media in lieu of the in-person inspection set forth herein, but is under no obligation to do so.

tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent and not inconsistent with the protections herein.  The Producing Party will review such requests in good faith and not unreasonably withhold approval.  Once the request is approved by the Producing Party, the Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least six (6) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.  Unless impracticable (and the Receiving Party is so notified), viewing tools installed on the Source Code Computer will be kept on the Source Code Computer while the review is ongoing to avoid delays.  The Receiving Party shall not erase, load, install, or otherwise modify any program (or request that any program be erased, loaded, installed, or otherwise modified by the Producing Party) on the Source Code Computer without first submitting a written request and obtaining the Producing Party's agreement to the request.  No person shall copy, e-mail, transmit, upload, download, print or otherwise duplicate any portion of Discovery Materials designated as Confidential Attorneys' Eyes Only-- Source Code, except as provided under this Order.  No smart phones or other recording devices will be permitted in the room with the Source Code Computer. The Producing Party may visually monitor the activities of the Receiving Party's representatives during source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code, but may not listen to conversations among those representatives or review notes taken by those representatives.  There will be no keystroke loggers, file access loggers, or similar tracking tools on the Source Code Computer.

        b.    The Receiving Party's outside counsel of record and/or outside experts shall be entitled to take notes relating to the source code but may not copy the source code into the notes. Any notes taken pursuant to this subparagraph by outside counsel and/or technical advisors shall

be treated as Confidential Attorneys' Eyes Only —Source Code, but are not discoverable.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Absent the express written permission of Producing Party, the Receiving Party shall not be permitted to output any source code information onto any portable, non-portable, or network media from the Source Code Computer by any means even if such means exist on the Source Code Computer (including, but not limited to, floppy drive, CD-R/RW drive, Ethernet, Internet, e-mail access, or USB).  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.  The Source Code Computer shall always be maintained and secured at the offices of the Producing Party's outside counsel, under the control of the Producing Party's outside counsel, or at an otherwise mutually agreeable location where access to the Source Code Computer is under the control of the Producing Party's outside counsel and subject to the protections outlined in this Protective Order.  Only persons identified in subparagraphs (a) and (c), and their support personnel, of Paragraph 17 herein shall have access to the Source Code Computer.

        c.     Following inspection, the Receiving Party may identify limited relevant portions of the Source Code, including file directories, that the Receiving Party deems reasonably necessary to prepare its case, and request printouts thereof which shall not exceed 25 consecutive printed pages from any one file or 500 printed pages total without a showing of good cause by the Receiving Party.  The Producing Party shall produce within five (5) business days a paper copy of the limited relevant portions of the Source Code identified by the Receiving Party directly to the Receiving Party's outside counsel of record, and the paper copy shall be marked Confidential Attorneys' Eyes Only — Source Code unless the request exceeds the limits set forth herein, is not

supported by good cause, or is otherwise unreasonable.[2]  In such circumstances, the Producing Party may refuse to provide the requested copies until the Receiving Party makes a showing of good cause and the Parties agree the request is warranted.  If there is a dispute following that showing, the Receiving Party has fourteen (14) days to move for an order compelling paper copies and the Producing Party has the right to file an opposition brief, due no less than seven (7) days after the motion is filed.  The parties may, at a later date, agree in writing to alternate production arrangements.

   d. The Receiving Party's outside counsel of record shall maintain and store the paper copy of the Source Code produced pursuant to subparagraph c above at their offices in a secure manner that prevents duplication of or unauthorized access to the Source Code including, for example, storing the Source Code in a locked room or cabinet at all times when not in use.

   e. A list of names of persons who will view the source code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection.  The Receiving Party shall maintain a daily log of the names of persons who enter the designated facility to view the source code and when they enter and depart.  The Producing Party shall be entitled to have a person observe all entrances and exits from the source code viewing room and shall also be entitled to a copy of the log on request.

   f. Unless otherwise agreed in advance by the Parties in writing, following each inspection, the Receiving Party's outside counsel of record and/or outside experts shall remove all notes, documents, laptops, and all other materials from the room that may contain work product

---

[2]  If the requested portions of the Source Code contain page and line numbers in their native form, or in the review program provided to view the Source Code and the program allows for printing with those page and line numbers, those page and line numbers shall be included in the paper copy where possible.

16

and/or attorney-client privileged information.  The Producing Party shall not be responsible for the physical safety of any items left in the room following each inspection session.

g.      The Receiving Party may not create electronic images of the Source Code from the paper copy (e.g., may not scan the Source Code to a PDF) except that the Receiving Party may create an electronic copy or image of selected portions of the Source Code only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other Party (including expert reports).  Images or copies of Source Code shall not be included in correspondence between Parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.

h.      The Receiving Party's outside counsel of record may make no more than two (2) additional paper copies of any portions of the source code printed pursuant to sub-paragraph c above, not including copies attached to court filings and shall maintain a log of all copies of the source code (received from the Producing Party) that are provided by the Receiving Party to any qualified person under the terms of this Protective Order.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Any paper copies of source code shall be stored or viewed only at (i) the offices of outside counsel of record for the Receiving Party; (ii) the offices of outside experts who have been approved to access source code under this Protective Order; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition.  Any such paper copies shall be maintained at all times in a locked and secure location. The Producing Party shall be entitled to a copy of the log upon request, and at the conclusion of the Litigation.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts, rather, the deposition record will

identify the exhibit by its production Bates numbers or other specific descriptor if there are no such numbers or such numbers identify multiple printed pages of Source Code.  At the conclusion of the deposition, if the Receiving Party introduces hard copies of the Source Code at deposition, they must retrieve and promptly destroy all such copies used at the deposition.

i.      The Receiving Party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS").  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used.

j.      To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped "Confidential Attorneys' Eyes Only Source Code" or (2) those pages containing quoted source code will be separately bound, and stamped as "Confidential Attorneys' Eyes Only — Source Code."  All SOURCE CODE DOCUMENTS shall be filed under seal.

k.      All paper copies shall be securely destroyed if they are no longer necessary in the Litigation (e.g., extra copies at the conclusion of a deposition).  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

l.      The Receiving Party may create an electronic copy or image of selected portions of the source code only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other Party (including expert reports). Images or copies of source code shall not be included in correspondence between the Parties

(references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code).

m.      Except as set forth in this Paragraph, Source Code may not be transported or transmitted electronically over a network of any kind, including over a local area network (LAN), intranet, or the Internet.

n.      The Parties will negotiate in good faith in the event any modifications to this Paragraph or Paragraph 22 are requested due to COVID-19 lockdowns or restrictions.  Any such modifications will solely due to the COVID-19 pandemic and will not be permitted to be used for any strategic reason in this litigation or as precedent in any future litigations.

o.      The Parties will negotiate in good faith to make arrangements for the use of Source Code in depositions and at trial.

**Disclosure to Witnesses.**

24.      Any person currently employed by a Party, retained as an expert witness by a Party, or designated by a Party as a witness under Fed. R. Civ. P. 30(b)(6) may be examined upon deposition concerning any Discovery Materials designated by such Party as Confidential, "Confidential Attorneys' Eyes Only," and "Confidential Attorneys' Eyes Only — Source Code" .

25.      Any person other than those identified in Paragraph 24 who is or may be a witness may be examined upon deposition concerning any Discovery Materials marked Confidential, "Confidential Attorneys' Eyes Only," and "Confidential Attorneys' Eyes Only — Source Code" , only if the document or other Discovery Material indicates on its face that the person was an author, addressee or recipient of the document, the document came from such person's files, or prior

deposition testimony reveals that the person was provided with or had access to the document, or if the witness is someone entitled to see the document pursuant to Paragraphs 16 or 17 above.

**Non-Party Information.**

26.    The existence of this Protective Order must be disclosed to any Third Party producing Discovery Materials in the Litigation who may reasonably be expected to desire confidential treatment for such Discovery Materials.  Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

27.    All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Confidential, "Confidential Attorneys' Eyes Only," and "Confidential Attorneys' Eyes Only — Source Code," or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

**No Prejudice.**

28.    Producing or receiving Confidential Information, or otherwise complying with the terms of this Protective Order, will not: (a) operate as an admission by any Party that any particular Confidential, "Confidential Attorneys' Eyes Only," and "Confidential Attorneys' Eyes Only — Source Code" Discovery Materials contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a Party to apply to the Court for further protective orders; (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or

material; or (f) operate as an admission by any Party that any particular Confidential, "Confidential Attorneys' Eyes Only," and "Confidential Attorneys' Eyes Only — Source Code" information is admissible.

**Conclusion of Litigation.**

29.     Within ninety (90) calendar days after entry of final judgment in this Litigation, including the exhaustion of all appeals, or within ninety (90) calendar days after dismissal pursuant to a settlement agreement or otherwise, each Party or other person subject to the terms of this Protective Order is under an obligation to make all reasonable efforts to destroy or return to the Producing Party all Discovery Materials containing Confidential, "Confidential Attorneys' Eyes Only," and "Confidential Attorneys' Eyes Only — Source Code" information, and to certify to the Producing Party that this destruction or return has been completed. Outside counsel for each party shall remind any experts, consultants, and others as appropriate of their obligation to destroy or return such Discovery Materials.  Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, briefs, exhibits, transcripts, written discovery, expert reports, legal memoranda, attorney work product and correspondence, even if such materials contain or reflect Protected Information, provided that such outside counsel of record shall not disclose Confidential, Confidential Attorneys' Eyes Only, and Confidential Attorneys' Eyes Only — Source Code material.  Any such archival copies remain subject to the terms of this Protective Order.  Outside counsel of record shall not retain production sets of Discovery Materials that contain information a Producing Party has designated Confidential, "Confidential Attorneys' Eyes Only," and "Confidential Attorneys' Eyes Only — Source Code" information.  All material returned to the Parties or their counsel by the Court shall likewise be disposed of in accordance with this paragraph.

30.     After termination of this Litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Discovery Materials for enforcement of the provisions of this Order following termination of this Litigation.

**Other Proceedings.**

31.     By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or Party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential," "Confidential Attorneys' Eyes Only," and "Confidential Attorneys' Eyes Only — Source Code" pursuant to this order shall promptly notify that party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.  Specifically, if any Party or person that has obtained any Discovery Materials designated as Confidential, "Confidential Attorneys' Eyes Only," and "Confidential Attorneys' Eyes Only — Source Code" , under the terms of this Order receives a subpoena, order, or other legal process commanding the production of such Discovery Materials (a "Third-Party Request"), such person shall not produce any such Discovery Materials in response to the Third-Party Request without the prior written consent of the Producing Party or an order of a court of competent jurisdiction, except as otherwise provided by this paragraph.  A Party receiving a Third-Party Request shall promptly notify the Producing Party of such Third-Party Request, in writing (by e-mail, if possible) within five (5) business days after receiving the Third- Party Request.  Such notification must include a copy of the subpoena or court order. The Receiving Party also must, within five (5) business days after receiving the Third-Party Request, inform in writing the party who sent the Third-Party Request

that some or all of the material covered by the Third-Party Request is subject to this Order and include a copy of this Order.  The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Producing Party in this action an opportunity to protect its confidentiality interests in the court from which the Third Party Request issued.  The Producing Party shall bear the burdens and the expenses of seeking protection of its confidential material in that court.  Nothing in these provisions should be construed as requiring a Receiving Party in this action to disobey a lawful directive from another court.

32.     Absent written consent from the producing party, any individual who personally reviews any technical material designated as "CONFIDENTIAL ATTORNEYS' EYES" or "CONFIDENTIAL ATTORNEYS' EYES ONLY SOURCE CODE - SUBJECT TO PROTECTIVE ORDER" information  must not be involved in the prosecution of patents or patent applications relating to the subject matter of the patents asserted in this action, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted at any point in this Litigation, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of a party's patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party in post-issuance proceedings before a Patent Office, including, but not limited to, a post-grant review, covered business method review, *inter partes* review, ex parte reexamination or *inter partes* reexamination.   This prosecution bar will begin when technical material designated as "CONFIDENTIAL ATTORNEYS' EYES" or "CONFIDENTIAL ATTORNEYS' EYES ONLY

SOURCE CODE - SUBJECT TO PROTECTIVE ORDER" information  is first reviewed by the affected individual and will end two (2) years after final termination of the Litigation.

**Waiving or Adding Requirements.**

33.     Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed (electronically or otherwise) by outside counsel of record for the party against whom such waiver will be effective.  This Protective Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection.  Nothing in this Protective Order abridges the right of any person to seek to assert other objections.  No party waives any right it otherwise would have to object to disclosing or producing any information, documents or things on any ground not addressed in this Protective Order.  Similarly, no party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. The Court shall take appropriate measures to protect Protected Information at trial and any hearing in this case.  This Protective Order shall not diminish any existing obligation or right with respect to Protected Information, nor shall it prevent a disclosure to which the Producing Party consents in writing before the disclosure takes place.

**Effective upon Stipulation.**

34.     This Protective Order shall become effective as a stipulation between the parties immediately upon the filing of the motion to enter the stipulated protective order, notwithstanding the pendency of approval by the Court, and the parties shall treat any Protected Information produced before Court approval as provided herein.  Additionally, any document produced before entry into this stipulation with the designations set forth in this Order shall receive the protections set forth in this Order.

**Parties Bound**

35.     This Protective Order shall be binding on the Parties to this Litigation and signatories to Exhibits A and B, including their successor(s) and assigns, and their respective attorneys, agents, representatives, officers and employees.

**Remedies.**

36.     It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the Court, including the power to hold Parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

37.     Any Party may petition the Court for good cause shown if the Party desires relief from a term or condition of this Protective Order.

**SO STIPULATED AND AGREED.**

Dated:  January 20, 2021                          Dated: January 20, 2021

*/s/ Alex G. Patchen* _____            */s/ Kevin P.B. Johnson* _____

Ronald Abramson                                  Kevin P.B. Johnson
David G. Liston                                  Ray Zado
Ari J. Jaffess                                   Sam Stake
Alex G. Patchen                                  555 Twin Dolphin Drive, 5th Floor
M. Michael Lewis                                 Redwood Shores, CA 94065
LISTON ABRAMSON LLP                              Tel.: 650-801-5000
Attorneys for Plaintiff                          Fax: 650-801-5100
The Chrysler Building                            Email: kevinjohnson@quinnemanuel.com
405 Lexington Avenue, 46th Floor                 Email: rayzado@quinnemanuel.com
New York, NY 10174                               Email: samstake@quinnemanuel.com
Tel: (212) 257-1630
Email: docket@listonabramson.com

                                                 Edward John DeFranco
*Attorneys for Plaintiff,*                       Brian Paul Biddinger
*Michael Philip Kaufman*                         51 Madison Avenue, 22nd Floor
                                                 New York, NY 10010
                                                 212-849-7000
                                                 Fax: 212-849-7100
                                                 Email: eddefranco@quinnemanuel.com
                                                 Email: brianbiddinger@quinnemanuel.com

                                                 *Attorneys for Defendant,*
                                                 *Salesforce.com*

Nothing in this Order shall be construed as authorizing a party to file Confidential Materials under seal without prior Court approval following a motion for leave to file under seal.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

**Dated:**       January 22, 2021
             New York, New York

26

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MICHAEL PHILIP KAUFMAN

               Plaintiff,

     v.

SALESFORCE.COM, INC.,

             Defendant.

Civ. No. 1-20-cv-06879 (JPC) (SN)

**CONFIDENTIALITY AGREEMENT FOR
EXPERT OR CONSULTANT OF ANY PARTY**

I, _____ [print or type full name], of

_____ hereby affirm that:

Information, including documents and things designated as "Confidential," "Confidential Attorneys' Eyes Only," or "Confidential Attorneys' Eyes Only – Source Code," as defined in the Protective Order entered in this Litigation, is being provided to me pursuant to the terms and restrictions of the Protective Order.  I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.  I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential, Confidential Attorneys' Eyes Only, or Confidential Attorneys' Eyes Only – Source Code information disclosed to me pursuant to the Protective Order, except for purposes of this Litigation, and not to disclose any of this information to

persons, other than those specifically authorized by the Protective Order, without the express

written consent of the Party who designated the information as confidential or by order of the

Court.  I also agree to notify any stenographic, clerical or technical personnel who are required to

assist me of the terms of this Protective Order and of its binding effect on them and me.

Pursuant to Paragraph 18 of the attached Protective Order, I have attached (a) my current

resume or curriculum vitae, which identifies my current employer, (b) a list that identifies each

person or entity for which I have consulted during the last four (4) years, and that identifies the

general subject matter of the work, and (c) a listing of cases in which I have testified as an expert

at trial or by deposition within the preceding four (4) years.

I understand that I am to retain all documents or materials designated as or containing

Confidential, Confidential Attorneys' Eyes Only, or Confidential Attorneys' Eyes Only – Source

Code information in a secure manner, and that all such documents and materials are to remain in

my personal custody until the completion of my assigned duties in this matter, whereupon all

such documents and materials, including all copies thereof, and any writings prepared by me

containing any Confidential, Confidential Attorneys' Eyes Only, or Confidential Attorneys' Eyes

Only – Source Code information are to be returned to counsel who provided me with such

documents and materials.

DATED: _____

CITY, STATE WHERE SWORN AND SIGNED: _____

PRINTED NAME:_____

SIGNATURE:_____

## EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

MICHAEL PHILIP KAUFMAN

                Plaintiff,

     v.

SALESFORCE.COM, INC.,

                Defendant.

Civ. No. 1-20-cv-06879 (JPC) (SN)

### CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I, _____ [print or type full name], of

_____ hereby affirm that:

Information, including documents and things designated as "Confidential," "Confidential Attorneys' Eyes Only," or "Confidential Attorneys' Eyes Only – Source Code," as defined in the Protective Order entered in this Litigation, is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms. I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential, Confidential Attorneys' Eyes Only, or Confidential Attorneys' Eyes Only – Source Code information disclosed to me pursuant to the Protective Order except for purposes of this Litigation and not to disclose any of this information to persons, other than those specifically authorized by the Protective Order, without the express

written consent of the Party who designated the information as confidential or by order of the

Court.

DATED: _____

CITY, STATE WHERE SWORN AND SIGNED: _____

PRINTED NAME:_____

SIGNATURE:_____