# LISTON ABRAMSON

The Chrysler Building
405 Lexington Avenue, 46th Floor
New York, New York 10174

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____2/16/2021____

February 10, 2021

Hon. Sarah Netburn
Thurgood Marshall United States Courthouse
United States District Court
40 Foley Square
New York, NY 10007

Re:   Kaufman v. salesforce.com, Inc. No. 1:20-cv-06879-JPC; Joint Letter re: D.I. 64

Dear Magistrate Judge Netburn:

Pursuant to the Court's February 5, 2021 Order (D.I. 64), plaintiff Michael Philip Kaufman ("Kaufman") and defendant salesforce.com, Inc. ("Salesforce") respectfully submit this joint letter regarding (1) the proposed briefing schedule for Salesforce's Motion to Stay Pending *Inter Partes* Review ("Motion to Stay") and (2) whether the Court should stay claim construction pending a decision on the Motion to Stay.

Pursuant to the Court's order, the Parties met and conferred on Friday, February 5, 2021. The Parties have reached an agreement regarding the proposed briefing schedule for the Motion to Stay. The Parties propose that Kaufman's opposition to the motion to stay be filed by **February 16, 2021**, with Salesforce's reply be filed on **February 23, 2021**.

Despite good faith efforts to reach an agreement, the Parties did not reach an agreement regarding whether claim construction should be stayed pending a decision on the Motion to Stay. Each party's respective position follows:

## Kaufman's Position

Kaufman will oppose the Motion to Stay and further opposes any temporary stay pending a decision on a motion to stay. Whether the PTAB will institute review in the IPRs is speculative, and decisions in this district routinely deny requests for stays before an institution decision in IPRs. *See, e.g., Intellectual Ventures II L.L.C. v. JP Morgan Chase & Co.*, No. 13 CIV. 3777 (AKH), 2014 WL 10919562, at *4 (S.D.N.Y. Aug. 11, 2014) (J. Hellerstein).

Claim construction briefing is already complete. All that remains of the claim construction process is for the Court to hold a claim construction hearing and issue its ruling. With claim construction ripe for decision, a stay would necessarily interrupt that process. This case is also progressing through discovery: the parties have exchanged documents, and source code review has begun and is ongoing, with fact discovery scheduled to be complete by March 23, 2021.

A stay at this point would derail the current case schedule that both parties stipulated to on October, 26, 2020 (D.I. 24), which Judge Cronan so ordered on October 29, 2020 (D.I. 26), and which has been progressing expeditiously. Pursuant to that schedule, this case is set to be trial ready by July of this year (D.I. 26 at 4), long before any potential ruling from the PTAB on Salesforce's IPRs, which would occur approximately one year later, if the IPRs are even instituted for review, which there is substantial basis to question.

Moreover, the PTAB will look to the progress in this case in exercising its own discretion to institute an IPR. In addition to examining the merits, the PTAB looks at a set of six non-exclusive factors, known as the *Fintiv* factors, to determine "whether efficiency, fairness, and the merits support the exercise of authority to deny institution in view of an earlier trial date in the parallel proceeding." *Apple Inc. v. Fintiv Inc.*, IPR2020-00019, Paper 11 at 6 (PTAB Mar. 20, 2020).

This case is set to be trial ready within approximately a week of any potential IPR institution, and this case will long be over before a final PTAB decision, which would be a year after institution (mid-2022). The PTAB routinely denies institution in cases where, as here, the expected trial date set in the district court precedes the potential final written decision in the IPR (which follows from statutory schedules). *See, e.g., Cisco Sys., Inc. v. Ramot at Tel Aviv Univ Ltd.*, IPR2020-00122, Paper 15 at 7-8 (PTAB May 15, 2020) (denying institution where trial date was six months before statutory deadline for final written decision); *Apple Inc. v. Maxell, Ltd.*, IPR2020-00203, Paper 12 at 17-18 (PTAB July 6, 2020) (denying institution where trial was set to take place four months after the institution decision).

The PTAB is likely going to deny institution under the *Fintiv* test alone. Kaufman was surprised that Salesforce even filed IPRs in this case with such long odds of success. Furthermore, the IPRs themselves are based on recycled and otherwise irrelevant prior art, and for those and other reasons are substantively lacking, as will be shown at the PTAB. Indeed, one of the patents in this suit was already litigated through a jury verdict against Microsoft Corporation and has withstood two prior IPR challenges from Microsoft, which were denied institution, without there having been a stay. Should the PTAB nevertheless act months from now to institute review, and Salesforce were to renew its request for a stay then, the Court would be able to reevaluate the situation at that time.

Salesforce filed its IPRs on December 31, 2020 and allowed the claim construction work to progress for a month thereafter, including two separate rounds of claim construction briefing, before even raising the possibility of a request for a stay. This seems like gamesmanship, to have Kaufman lock in all of the claim construction arguments in this litigation and only then to move for a stay.[1]

### Salesforce's Position

Salesforce respectfully requests the Court stay *all* proceedings in this matter, including further claim construction proceedings, pending resolution of Salesforce's motion to stay (Dkt. 63). *See Softview Computer Prod. Corp. v. Haworth, Inc.*, No. 97 CIV. 8815 KMW HBP, 2000 WL 1134471, at *3 (S.D.N.Y. Aug. 10, 2000) (finding it would be "a serious waste of both the parties' and the Court's resources if the *Markman* and summary judgment proceedings went forward and the claims were subsequently declared invalid or were amended as a result of the

---

[1] Salesforce now raises its pending motion to transfer. The current case schedule was ordered by Judge Cronan *after* the transfer motion was made. *See* Oct. 30, 2020 Minute Entry. Salesforce's motion to stay (D.I. 61, 63) was based solely on its *inter partes* review petitions. (Motion to Stay "Pending *Inter Partes* Review.") Salesforce now cites *In re SK hynix Inc.*, in which the Federal Circuit granted a partial mandamus. In that case, the Western District of Texas, which has been repeatedly mandamused regarding transfer motions, failed to rule on a transfer motion that was pending for eight months, where the transfer requestor had specifically requested a stay pending the determination of the transfer motion. Salesforce's transfer motion, which is not the basis of Salesforce's Motion to Stay, has been briefed for two months and will presumably be decided in due course. Kaufman hopes the Court sees this additional Salesforce argument for what it is, a kitchen sink argument to try to stall this case.

reexamination proceeding.").  As an alternative and independent basis for Salesforce's request, this action should be stayed until this Court rules on Salesforce's pending motion to transfer, consistent with Federal Circuit guidance.  *See In re SK hynix Inc.*, No. 2021-113, 2021 WL 321071, at \*2 (Fed. Cir. Feb. 1, 2021) (ordering district court before approaching Markman hearing to "stay all proceedings concerning the substantive issues of the case and all discovery until such time that it has issued a ruling" on transfer).  A short stay until the Court resolves these fundamental motions will conserve significant party and judicial resources without any prejudice to Plaintiff.

Although the parties have completed *Markman* briefing, a great deal of work remains before claim construction is completed—particularly for this Court.  If this action is not stayed, considerable resources will be spent preparing for the technology tutorial and *Markman* hearing. More importantly, this Court could also waste significant resources on the laborious task of construing 14 terms (including learning the associated technology), when it could later decide that (i) the PTAB should first complete its review of the asserted claims, or (ii) this case should be resolved in another venue (which has no obligation to adopt claim constructions issued in this forum).  As detailed in the stay motion, the strong likelihood that the asserted claims will be found unpatentable further jeopardizes judicial economy.  *See* Dkt. 63 at 6.  This district, and others within this circuit, have recognized that stays are appropriate to avoid "a serious waste of both the parties' and the Court's resources" in the event the PTAB cancels or limits claims.  *Softview*, 2000 WL 1134471 at \*3; *see also Firepass IP Holdings, v. Airbus Americas,* No. 09-CV-4234 ENV LB, 2011 WL 2650484, at \*2 (E.D.N.Y. July 6, 2011) (granting a stay after submission of claim construction briefs because "the rest of the usual landmarks on the road to trial in a patent case—the Markman hearing, a claim construction decision from the Court, expert discovery, and summary judgment briefing—all still lie ahead."); *Goodman v. Samsung Elecs. Am.*, No. 17-cv-5539 (JGK), 2017 WL 5636286, \*2 (S.D.N.Y. Nov. 22, 2017).

Expending judicial and party resources before a ruling on Salesforce's motion to transfer would likewise be inefficient.  The Federal Circuit has provided clear guidance that district courts should determine the "proper and convenient venue before addressing any substantive portion of the case."  *In re Nintendo*, 544 F. App'x. 934, 941 (Fed. Cir. 2013).  Once a transfer motion has been filed, it should "unquestionably take top priority" and be resolved ahead of "a *Markman* hearing and claim construction order[,]" "two of the ***most important and time-intensive substantive tasks***."  *In re Apple*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) (emphasis added); *see also In re SK hynix*, 2021 WL 321071, at \*2 ("[W]e find . . . that the district court must stay all proceedings concerning the substantive issues of the case and all discovery until . . . it has issued a ruling on the [transfer] motion").  The Court and the parties risk unnecessarily expending resources if this case proceeds with the venue question unresolved.

Moreover, the Court should not only stay the claim construction process, but also *all* other non-venue or stay-related proceedings in this action.  Otherwise, Plaintiff and Salesforce will continue incurring expenses to provide discovery regarding claims and patents that are likely to be invalidated or could be litigated in a different forum.  Such expenditures will only increase if the case proceeds through claim construction and discovery (such as depositions and expert reports).  A short stay (at most a few months) of the entirety of this litigation to allow the Court to resolve Salesforce's motions would not prejudice Plaintiff, particularly given that the transfer briefing has been complete since early December 2020 and the motion to stay will be fully briefed in two weeks.  Plaintiff does not currently market or sell any products that practice the

LISTON ABRAMSON                                                                                     4

asserted patents, does not compete with Salesforce, and would be fully compensated by monetary damages.  In such circumstances, the Federal Circuit has held that a stay is not unduly prejudicial.  *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014); *see also Think Prods. v. ACCO Brands Corp.*, No. CV 14-6659 (SIL), 2015 U.S. Dist. LEXIS 196129, *9 (E.D.N.Y. June 19, 2015) ("Because the parties are not direct competitors, Plaintiff 'does not risk irreparable harm . . . and can be fully restored to the status quo ante with monetary relief.'").[2]

While the parties' respective positions on the merits of the stay motion are distinct from the Court's request for positions on a temporary stay, Salesforce briefly addresses three points in Plaintiff's argument on the merits of the underlying motion.  *First,* the IPRs are likely to be instituted.[3]  There are six *Fintiv* factors the PTAB evaluates on institution, five of which have nothing to do with the expected trial date, the sole factor addressed by Plaintiff.  *Apple Inc. v. Fintiv Inc.*, IPR2020-00019, Paper 11 at 6 (PTAB Mar. 20, 2020).  Moreover, it is not uncommon for the PTAB to grant institution when the expected trial date is earlier than the projected final decision. *See, e.g.*, *Verizon v. Huawei Techs.*, IPR2020-01117, Paper 10 at 18-20, 22-23 (PTAB Feb. 3, 2021) (granting institution where the PTAB's final decision was due four months after the scheduled trial date given Petitioner's diligence in filing the IPR three months after being served infringement contentions).  Here, Salesforce promptly filed both IPRs within roughly two months of receiving initial infringement contentions (on October 28, 2020).  *Second*, the fact Plaintiff previously sued Microsoft on one of the asserted patents has no bearing on whether Salesforce's IPRs will be instituted.  Here, Salesforce has raised unique challenges to the '981 and '801 patents, the latter of which has not been previously litigated or challenged at the PTAB.  None of the prior art combinations raised in Salesforce's IPRs have been previously considered by either the PTAB or a district court.  *Third,* Plaintiff misleadingly suggests a stay was denied in the Microsoft litigation.  To the contrary, that case was not stayed because Microsoft never sought a stay; not because any court found a stay was not warranted.  Here, Salesforce has moved for a stay.

For the foregoing reasons, Salesforce respectfully requests a stay of all proceedings in this case until the pending motions to stay and transfer are resolved.

---

[2]  Plaintiff's accusation of "gamesmanship" is unfounded.  Salesforce filed its IPR petitions just before the New Year's holiday and had prepared a letter requesting leave to file its motion to stay pursuant to Judge Cronan's requirements when this action was referred to Your Honor for pretrial matters on January 12, requiring Salesforce to meet and confer with Plaintiff and prepare a full motion to comply with the new procedures.  The motion was filed the next business day after the meet and confer, deadline for the responsive claim construction brief, and document production deadline. Courts have issued stays notwithstanding much longer delays than the short time Salesforce took to file its motion after submitting its IPR petitions. *See, e.g.*, *Goodman*, 2017 WL 5636286, *3 (issuing stay after two months and citing cases in which the delay was nearly a year).

[3]  Salesforce's IPRs provide a detailed analysis of all *Fintiv* factors.  https://s3-us-west-1.amazonaws.com/ptab-filings%2FIPR2021-00397%2F1; https://s3-us-west-1.amazonaws.com/ptab-filings%2FIPR2021-00396%2F1.

Respectfully submitted,

   /s Ronald Abramson
Ronald Abramson
David G. Liston
Ari J. Jaffess
Alex G. Patchen
M. Michael Lewis
LISTON ABRAMSON LLP
The Chrysler Building
405 Lexington Avenue, 46th Floor
New York, New York 10174
(212) 257-1630

Attorneys for Plaintiff Michael Philip
Kaufman


   /s Ray R. Zado
Kevin P.B. Johnson (Bar No. 2542082)
Ray R. Zado (admitted pro hac vice)
Sam S. Stake (admitted pro hac vice)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel.: 650-801-5000
Fax: 650-801-5100
kevinjohnson@quinnemanuel.com

The parties' briefing schedule on the motion to stay proceedings is adopted as proposed in the parties' joint letter. Plaintiff's opposition to Defendant's motion to stay proceedings shall be filed by February 16, 2021. Defendant's reply shall be filed by February 23, 2021. The Court STAYS all further proceedings as to claim construction until further order of the Court.
**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: February 16, 2021
        New York, New York

## STATEMENT OF INTERRUPTION OF ECF SYSTEM

Due to an interruption of the Court's ECF System, this joint letter was unable to be filed on February 10, 2021. The Court's ECF system was offline when we attempted to file this joint letter between 6:00 PM and 12:00 AM on February 10, 2021.

This joint letter is being submitted on February 11, 2021 as soon as the system is restored.

/s Ronald Abramson
Ronald Abramson