**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL PHILIP KAUFMAN<br><br>               Plaintiff,<br><br>   v.<br><br>SALESFORCE.COM, INC.,<br><br>               Defendant. | Civ. No. 1-20-cv-06879 (JPC) |

**<u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING *INTER
PARTES* REVIEW</u>**

Your Honor could read Salesforce's opening brief without even a hint that granting a stay before a decision on *inter partes* review ("IPR") institution is absolutely the exception, not the rule. Any simplification of the issues is speculative, at best, and therefore a stay is inappropriate here, and would result in nothing but lost time. The Court should defer this question until we know whether the Patent Trial and Appeal Board ("PTAB") of the U.S. Patent and Trademark Office will even institute a review of either of the two asserted Kaufman patents, and judge the relevant factors at that time.

This case is on a fast track. Prior to the transfer to Judge Cronan, Judge Rakoff had proposed a schedule under which the parties would be at trial right now. Even after the transfer to Judge Cronan, the Court, pursuant to agreement of the parties, set the matter to be trial ready in July 23 of this year. D.I. 26 at 4. The PTAB will not even determine whether or not it will institute review of either of the asserted patents until around July 14 of this year. This case will therefore be trial ready by the time the PTAB even decides whether or not to institute review. Review in the PTAB then requires another year, resulting in a PTAB Final Written Decision at that time, with potential appeals (to the Federal Circuit) pushing out a full determination for potentially two years after that. Halting the progress of this litigation to wait for the PTAB and/or an appeals process thereafter would be inappropriate and would prejudice Kaufman.

Further, as discussed in the parties' recent joint letter, the PTAB itself routinely denies institution for cases that are set for trial before any final written decision on an IPR could issue. The PTAB knows that it may make no sense to conduct parallel proceedings in a case like this and will likely deny institution based on this litigation's trial schedule alone. Under the regime established by Congress, both the Court and the PTAB can have jurisdiction. There is no statutory basis to prefer the PTAB's jurisdiction over that of the Court and, in fact, as discussed

below, the PTAB has been denying institution of review in cases such as this, where the litigation

is scheduled to end before the PTAB's review could end.

The three factors that Salesforce lists "are not exclusive, however, and in the end, an

overarching consideration of the circumstances in their totality governs." *Straight Path IP v.

Verizon Communications, Inc.*, 2016 WL 6094114, at *2 (S.D.N.Y. Oct. 18, 2016) *quoting

Rensselaer Polytechnic Inst. v. Apple Inc.*, 1:13-cv-0633, 2014 WL 201965, at *3 (N.D.N.Y. Jan.

15, 2014). The party seeking the stay bears the burden of demonstrating that such relief is

warranted. *Straight Path IP*, 2016 WL 6094114, at *2.

### 1. Any Simplification is Speculative

There will be no simplification of issues if institution is denied. *See Kiss Nail Prods., Inc.

v. Tianjin Shuangrong Paper Prods. Co.*, No. 15-cv-6019 (KPF) (S.D.N.Y. Mar. 3, 2016) ("On

balance, this [simplification] factor weighs against Defendants' request for a stay, unless and

until the PTO institutes the IPR."). "During the period of time between the filing of IPR petitions

and the decision to institute proceedings, the Court and the parties are essentially treading water.

If the Court were to issue a stay, this case would be left languishing on the Court's docket with no

progress being made." *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc*., No. 13-CV-05669

NSR, 2014 WL 2854656, at *4 (S.D.N.Y. June 20, 2014). As Judge Rakoff ruled in denying a

similarly premature motion for a stay, "[i]f the PTO denies the petition, then the Court will have

simply wasted time by granting the stay." *Link Engine Techs. LLC v. Vimeo, LLC*, No. 17-cv-

3747 (JSR) (S.D.N.Y. May 26, 2017).

"[T]he PTO here has not yet even decided whether to institute IPR proceedings … so the

Court must gauge not only the possibility that IPR will simplify the issues presented by these

cases but also the likelihood that the PTO will institute IPR in the first place. A number of courts

have found that this 'additional layer of doubt' weighs against granting a stay in similar

circumstances." *Grecia v. MasterCard, Inc.*, No. 15-CV-9059 (RJS), 2017 WL 11566955, at *2 (S.D.N.Y. Apr. 3, 2017) (collecting cases); *see also Rensselaer Polytechnic Inst. v. Apple Inc.*, No. 13-cv-0633 (DEP), 2014 WL 201965, at *5 (N.D.N.Y. Jan. 15, 2014) ("Several courts have concluded that the factors relevant to a stay analysis cannot be meaningfully addressed until the PTO determines whether to institute an IPR.").

"Ordinarily the fact that the PTAB has not yet decided whether to institute review may weigh against issuing a stay." *Goodman v. Samsung Elecs. Am., Inc.*, No. 17-cv-5539 (JGK), 2017 WL 5636286, at *3 (S.D.N.Y. Nov. 22, 2017) (finding a higher likelihood of institution in that case since prior, similar IPR had been instituted).[1]

Unlike in *Goodman*, here, if anything, there is less of a chance of institution of Salesforce's IPRs than for a typical IPR. One of the two patents in suit, the '981 patent, was challenged via two separate IPR petitions by Microsoft, both of which were denied institution. Further, the patent went through a full trial process and was found to be valid over the art that Microsoft asserted in that litigation. The patent surviving multiple, separate validity attacks by a resourced and motivated defendant, *i.e.*, Microsoft, is a strong indication that Salesforce will fare

---

[1] There are some outlier cases that have stayed a litigation pending an institution decision from the PTAB. Kaufman notes that at least two of the cases that Salesforce cites depend on the statistics for PTAB institution of Covered Business Method Reviews ("CBM"). CBM procedures exist under a different statutory provision and have a much broader set of grounds for review than what may be considered in an IPR, resulting in higher rates of institution. It is therefore misleading to rely on CBM statistics in this case, where Salesforce's petitions are for *Inter Partes* Review. *See Capital Dynamics AG v. Cambridge Assocs., LLC*, No. 13 CIV. 7766 KBF, 2014 WL 1694710, at *1 (S.D.N.Y. Apr. 1, 2014) ("high likelihood…that…the PTAB will grant CBM review…[where, at the time]…the PTAB had instituted trial on 49 of 59 CBM petitions filed (more than 83%), and in all but one petition where no other petition challenging the same patent was pending or instituted."); *Chicago Bd. Opt. Exch., Inc. v. Int'l Sec. Exch., LLC*, Case No. 2:13-cv-01339, D.I. 93 (S.D.N.Y. Dec. 4, 2014) ("They have granted 18 out of 20 patents that have been put before the PTAB on a CBM petition, they have granted [institution].") (attorney argument on motion to stay).

no better. Salesforce will argue that it has somehow improved upon Microsoft's attacks, and that the other asserted patent was not at issue, and therefore not challenged as to validity, in the Microsoft litigation. But these arguments only show how speculative a stay at this point would be in simplifying the issues. See *Grecia*, 2017 WL 11566955, at *3 (court was skeptical that IPR could simplify the issues where there was a IPR petition denied institution, and Court doubted argument that subsequent IPR was improved). It is wholly unclear whether there will be any simplification in this case.

Furthermore, the fact that this case is currently scheduled to be trial-ready long before any Final Written Decision by the PTAB is taken by the PTAB as a strong reason for it to deny institution. As discussed in the recent joint letter to the Court (D.I. 66 at 2), the PTAB will look to the progress in this case in exercising its own discretion to institute an IPR. Aside from the actual technical merits (or lack thereof), the PTAB looks at a set of six non-exclusive factors, known as the *Fintiv* factors, to determine "whether efficiency, fairness, and the merits support the exercise of authority to deny institution in view of an earlier trial date in the parallel proceeding." *Apple Inc. v. Fintiv Inc.*, IPR2020-00019, Paper 11 at 6 (PTAB Mar. 20, 2020). Since the litigation will be trial ready in July, about a week before any decision on institution by the PTAB and a full year before any potential final written decision by the PTAB, the PTAB will likely deny institution on this basis alone. *See, e.g.*, C*isco Sys., Inc. v. Ramot at Tel Aviv Univ Ltd.*, IPR2020-00122, Paper 15 at 7-8 (PTAB May 15, 2020) (denying institution where trial date was six months before statutory deadline for final written decision). Some of the other *Fintiv* factors are whether the parties to the litigation and IPR are the same (they are), whether the issues overlap as between the litigation and the IPR (they are, in that the same or duplicative validity attacks are raised in Salesforce's invalidity contentions in the case as in the IPR), and investment

of time by the parties and the Court (the parties have invested significant time in this case, including substantial documentary discovery, leading up towards the completion of discovery next month, as well as claim construction briefing ready for argument). For all of these reasons and separate from the merits of Salesforce's petitions (which are themselves lacking, as Kaufman will argue and prove to the PTAB in due course), the PTAB will likely deny institution. This Court's jurisdiction is just as valid as the PTAB's. There is no good reason for this Court to step in and alter this calculus by pre-emptively entering a stay prior to any institution decision.

In sum, there is no way to know in advance of a decision on institution by the PTAB whether this case could be streamlined by a stay. It makes no sense to stop this case in its tracks for the five months it will take to get such a decision from the PTAB, by which point this case will be trial ready in this Court.

### 2. The Proceedings Are Advancing and Significant Work has been Done

"[D]istrict courts commonly deny motions to stay pending patent reexamination in cases where substantial proceedings, including discovery, have occurred." *TouchTunes Music Corp. v. Rowe Int'l Corp.*, 676 F. Supp. 2d 169, 177 (S.D.N.Y. 2009); *c.f. CDX Diagnostics*, 2014 WL 2854656, at *4 (evaluating stage of litigation where "[l]ittle to no discovery ha[d] taken place."). In this case, extensive discovery has taken place, including substantially all of documentary discovery, interrogatory requests and responses, and Salesforce has already served third party subpoenas for documents and testimony. Depositions are expected to take place next month and the case is scheduled to finish fact discovery on March 23 of this year. D.I. 26 at 1. Claim construction is fully briefed for the Court (D.I. 47-50; 59-60; 62) and the parties are ready to proceed with Claim Construction arguments right now. D.I. 62.

### 3.  Delays are Prejudicial

A delay, potentially for years, in enforcing patent rights that the Court is fully qualified and empowered to adjudicate is prejudicial to any patent owner. *See Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-cv-213, 2015 WL 627887, at *2 (E.D. Tex. Jan. 29, 2015) ("The mere fact that [plaintiff] is not currently practicing the patents does not mean that, as a matter of law, it is not prejudiced by a substantial delay of an imminent trial date."). Patent rights lose much of their value where the courts withhold or unduly delay their enforcement. *See Realtime Data LLC v. Actian Corp.*, No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259, at *2 (E.D. Tex. June 14, 2016) (patent holder "has an interest in the timely enforcement of its patent rights").

Moreover, the fact that Salesforce's IPRs were filed at the end of December, and yet Salesforce waited nearly a month thereafter for Plaintiff to brief its claim construction positions before even raising the issue of a stay, reflects gamesmanship. At the very least, Salesforce could have raised the prospect of a stay before two separate rounds of claim construction briefing was done.

### 4.  Conclusion

This litigation should not be stayed for five months to see whether the PTAB will choose to institute review of Kaufman's asserted patents. A request for a stay, if still desired by Salesforce, should be considered if and when review is instituted by the PTAB. Until then, this case should move forward on the schedule to which the parties agreed and the Court ordered, and this case will be ready for trial on July 23 of this year.

Dated: February 16, 2021                           Respectfully submitted,

/s Ronald Abramson
_____
Ronald Abramson
David G. Liston
Ari J. Jaffess
Alex G. Patchen
M. Michael Lewis
**LISTON ABRAMSON LLP**
*Attorneys for Plaintiff*
The Chrysler Building
405 Lexington Avenue, 46th Floor
New York, NY 10174
(212) 257-1630
docket@listonabramson.com