UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
MICHAEL PHILIP KAUFMAN, :
:
Plaintiff, :
: 20 Civ. 6879 (JPC) (SN)
-v- :
: ORDER
SALESFORCE.COM, INC., :
:
Defendant. :
:
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff Michael Philip Kaufman brought this action against Defendant Salesforce.com, Inc. ("Salesforce") on August 25, 2020, alleging several counts of patent infringement under 35 U.S.C. § 271 *et seq*. Before the Court now are Kaufman's objections under Federal Rule of Civil Procedure 72(a) to the Honorable Sarah Netburn's April 29, 2021 Order granting Salesforce's motion to transfer venue to the United States District Court for the Northern District of California. Dkt. 81. For the reasons that follow, the Court overrules Kaufman's objections and affirms the April 29, 2021 Order in its entirety.

**I. Background**

Kaufman, an inventor and assignee of U.S. Patent No. 7,885,981 and U.S. Patent No. 10,025,801, alleges that three of Salesforce's online products, "Sales Cloud," "Service Cloud," and "Marketing Cloud," employ a method of generating user interfaces that infringes on his patents. Dkt. 1 ("Complaint") ¶¶ 1, 9-16; Dkt. 37 ("Kaufman Declaration") ¶ 2.

The locations of the various parties in this case and their potential witnesses are relevant for this Court's review of Judge Netburn's Order transferring venue. Kaufman resides in the Southern District of New York and Micah Philip Silverman, the co-inventor of the patents, lives in Virginia

Beach, Virginia. Kaufman Declaration ¶¶ 3, 7. Meanwhile, Salesforce and its current and former employees who are likely to have relevant knowledge of the accused products are largely based on the West Coast, especially in the Northern District of California. In support of its motion to transfer venue, Salesforce submitted a declaration from Guy Jenkins, its Senior Vice President for Platform User Experience, who described those West Coast connections. *See* Dkt. 29 ("Jenkins Declaration"). Incorporated in Delaware, Salesforce has its corporate headquarters and principal place of business in San Francisco, California. *Id.* ¶ 3. Salesforce maintains office space in at least 13 buildings in the Northern District of California and has over 9,000 employees who work out of those offices. *Id.* ¶¶ 4-5. While Salesforce also has office space in New York, those offices are "predominantly devoted to regional sales and marketing operations." *Id.* ¶ 6.

Nor are any of Salesforce's teams "responsible for the functionalities" accused of infringement located in New York. *Id.* ¶¶ 14-17. For the first two accused products, "Sales Cloud" and "Service Cloud," the "design and architecture" were developed by former and current Salesforce employees when working at Salesforce's San Francisco headquarters, *id.* ¶ 19, and the "substantial majority of the development work" for these products also took place in that city, *id.* ¶ 12. For the third accused product, "Marketing Cloud," the original development work occurred in Indianapolis, Indiana. *Id.*

Relying on these purported "substantial connections" to the Northern District of California, Dkt. 28 at 1, on November 4, 2020, Salesforce moved to transfer this action to that district pursuant to 28 U.S.C. § 1404(a). *See* Dkts. 27-30.[1] The undersigned referred this case to Judge Netburn for general pretrial supervision on January 12, 2021. Dkt. 51.

On April 29, 2021, Judge Netburn issued an Opinion and Order granting Salesforce's

---

[1] On the same day, Salesforce also moved to dismiss the Complaint and to strike certain allegations in the Complaint. Dkts. 31-35.

motion to transfer venue. Dkt. 81 ("April 29, 2021 Order"). Kaufman filed timely objections to Judge Netburn's Order on May 5, 2021. Dkts. 82, 83, 84 ("Objections"). Salesforce filed an opposition to Kaufman's objections on May 19, 2021. Dkt. 86 ("Opposition").

## II. Discussion

### A. Legal Standards

Under Federal Rule of Civil Procedure 72(a), this Court must "modify or set aside any part" of a magistrate judge's nondispositive order that is "clearly erroneous or is contrary to the law." Fed. R. Civ. P. 72(a). The April 29, 2021 Order, which granted Salesforce's motion to transfer venue, was a determination on a nondispositive matter. *See, e.g.*, *City of Warren Police & Fire Ret. Sys. v. Zebra Techs. Corp.*, No. 17 Civ. 4412 (SJF) (AKT), 2019 WL 3997354, at *1 n.1 (E.D.N.Y. Aug. 23, 2019); *Wilson-Folden v. Macy's, Inc.*, No. 15 Civ. 618 (ERK) (LB), 2015 WL 13545903, at *1 n.1 (E.D.N.Y. May 29, 2015). "A magistrate's ruling is contrary to law if it fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *Thai Lao Lignite (Thai.) Co., Ltd. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (internal quotation marks and citations omitted) (alteration in original). "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, No. 18 Civ. 10364 (LGS), 2020 WL 4927575, at *3 (S.D.N.Y. Aug. 21, 2020) (quoting *Xie v. JPMorgan Chase Short-Term Disability Plan*, No. 15 Civ. 4546 (LGS), 2018 WL 501605, at *1 (S.D.N.Y. Jan. 19, 2018)).

Title 28, United States Code, Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties

have consented." 28 U.S.C. § 1404(a). Courts apply a two-part test to determine whether to grant a motion to transfer venue. First, as a threshold inquiry, the court must decide whether "the transferee district" is "one where jurisdiction over the defendant could have been obtained at the time suit was brought, regardless of defendant's consent." *Sentegra, LLC v. ASUS Computer Int'l*, No. 15 Civ. 3768 (GHW), 2016 WL 3093988, at *2 (S.D.N.Y. June 1, 2016). There is no dispute that the claims here could have been brought in the Northern District of California given Salesforce's business activity in San Francisco. *See* April 29, 2021 Order at 6; *see also* 28 U.S.C. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.").

Once that requirement is established, courts turn to whether the transfer is "in the interest of justice and convenience of the parties and witnesses." *Sentegra, LLC*, 2016 WL 3093988, at *2 (quoting *In re CenturyLink, Inc. Sec. Litig.*, No. 13 Civ. 3839 (LTS), 2014 WL 1089116, at *1 (S.D.N.Y. Mar. 18, 2014)). This inquiry is guided by nine factors:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*Id.* (citations omitted). The moving party must demonstrate that these factors militate toward transfer by clear and convincing evidence. *See New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010).

**B. The April 29, 2021 Opinion**

After laying out the proper standard to consider a motion under section 1404(a) and finding that the litigation could have been brought in the Northern District of California, Judge Netburn turned to the nine factors outlined above. April 29, 2021 Order at 3-7. Judge Netburn found three

4

of those factors to be neutral in this case: "the convenience of the parties," "the relative means of the parties," and "the forum's familiarity with the governing law." *Id.* at 13-14, 19-20. The court found that "the Plaintiff's choice of forum" as well as "trial efficiency and the interests of justice" considerations weigh in favor of denying the motion. *Id.* at 7-8, 20-21. As to the former factor, Judge Netburn recognized that "this is not a case in which there are only 'minimal' connections to New York," given Kaufman's residence in this District and the invention of the patents in New York. *Id.* at 7 (citations omitted). Judge Netburn concluded, however, that four factors supporting transfer tilt the balancing in favor of granting Salesforce's motion: "the convenience of the witnesses," "the location of relevant documents and the relative ease of access to sources of proof," "the locus of operative facts," and "the availability of process to compel the attendance of unwilling witnesses." *Id.* at 8-13, 14-19.

Judge Netburn specifically noted that "the convenience of the witnesses" and "the locus of operative facts" factors merit substantial weight under the facts presented. *Id.* at 21-22. As to "the convenience of the witnesses," Judge Netburn explained that "[i]n a patent infringement case, 'a court should give particular consideration to individuals who can testify about the technology of the allegedly infringing inventions.'" *Id.* at 8 (quoting *Int'l Sec. Exch., LLC v. Chi. Bd. Options Exch. Inc.*, No. 06 Civ. 13445 (RMB) (THK), 2007 WL 1541087, at *3 (S.D.N.Y. May 24, 2007)). She then discussed numerous "key witnesses" that Salesforce has identified who are located in or near the Northern District of California. *Id.* at 9-10. These individuals include four former Salesforce employees who were involved in the development of the accused products, eight "key prior art witnesses," five potential prior art witnesses, and numerous Salesforce employees who have particular knowledge of the accused products. *Id.*; *see* Opposition at 2-5. Kaufman, on the other hand, identified only himself and his co-inventor Silverman as potential witnesses. April 29, 2021 Order at 10. Comparing the locations of Salesforce's witnesses to the locations of Kaufman

and Silverman, New York and Virginia, respectively, Judge Netburn found that "the convenience of the witnesses weighs significantly in favor of transfer." *Id.* at 10.

With respect to "the locus of the operative facts," Judge Netburn found that "the 'substantial majority' of the development of two out of three of the allegedly infringing products—Salesforce's Sales Cloud and Service Cloud—took place in Salesforce's San Francisco headquarters or at another one of Salesforce's offices in Northern California." *Id.* at 15 (quoting and citing Jenkins Declaration ¶¶ 12, 19). Judge Netburn also factored in that the patents at issue "were developed and designed by Kaufman and his co-inventor, Silverman, in New York," that the attorneys who prosecuted the suit are in this District, and that Salesforce sells its products everywhere. *Id.* at 16. Judge Netburn explained that "[c]ourts in this Circuit have often looked first to the location of the design and development of the accused product, but not to the exclusion of consideration of the location of the development of the patent-in-suit." *Id.* at 16-17 (citations omitted). Because the allegedly infringing products were designed and developed in the Northern District of California and the designers and developers live and work there, Judge Netburn "conclude[d] that the locus of operative facts is San Francisco, California." *Id.* at 17 (citations omitted).

Thus, after weighing these factors, Judge Netburn found "clear and convincing evidence that the balance of factors shows that transfer is appropriate and outweighs [Kaufman's] interest in litigating in his chosen forum." *Id.* at 22

**C. Kaufman's Objections**

Kaufman's objections to the April 29, 2021 Order challenge Judge Netburn's weighing of the four factors that she found supported transfer and, in doing so, criticize "the speculative arguments and evidence presented by Salesforce." Objections at 2. This Court is not persuaded. Judge Netburn's thorough, well-reasoned opinion carefully reviewed each factor relevant to a section 1404(a) motion, she based her findings on evidence in the record, and she then balanced

6

those factors before determining that the Northern District of California is the proper forum for this litigation. This analysis was entirely sound, and certainly not close to an abuse of discretion.

The Court begins by rejecting two arguments that permeate Kaufman's objections. First, Kaufman criticizes Judge Netburn's balancing of the relevant factors, maintaining that she "fail[ed] to weigh the factors found in favor of transfer against the 'considerable weight' of the factors found against transfer." Objections at 2. This Court disagrees. Judge Netburn not only meticulously considered and weighed each factor, but she also made clear that she balanced all the factors before arriving at her conclusion that transfer is warranted. April 29, 2021 Order at 22 ("[T]here is clear and convincing evidence that the balance of factors shows that transfer is appropriate and outweighs [Kaufman's] interest in litigating in his chosen forum."). Further, Kaufman's suggestion that Judge Netburn applied the wrong legal standard for balancing on account of a passing reference to *In re Nintendo Co. Ltd.*, 589 F.3d 1194 (Fed. Cir. 2009), is baseless. Objections at 3; *see* April 29, 2021 Order at 22. Although the Federal Circuit in *In re Nintendo Co., Ltd.* "noted that the Fifth Circuit forbids treating the plaintiff's choice of venue as a factor in the analysis of a request to transfer for the convenience of the parties," 589 F.3d at 1200 (citation omitted), there is no question that Judge Netburn considered Kaufman's choice of venue in her analysis. In fact, Judge Netburn concluded that this factor weighs in Kaufman's favor. April 29, 2021 Order at 7-8.

Which brings the Court to the second argument that pervades Kaufman's objections. To the extent that Kaufman suggests that his forum choice should be dispositive, the Court rejects that proposition. While it is true that "a plaintiff's choice of forum is entitled to substantial deference," *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 101 (2d Cir. 2000), such deference "decreases where 'the operative facts upon which the litigation is brought bear little material connection to the chosen forum.'" *Tianhai Lace USA Inc. v. Forever 21, Inc.*, No. 16 Civ. 5950 (AJN), 2017 WL 4712632, at *5 (S.D.N.Y. Sept. 27, 2017) (quoting *Capitol Records, LLC v. VideoEgg, Inc.*, 611 F.

7

Supp. 2d 349, 368 (S.D.N.Y. 2009)). In this case, Judge Netburn determined that Kaufman's choice of forum weighs in his favor, specifically acknowledging that "this is not a case in which there are only 'minimal' connections to New York," April 29, 2021 Order at 7 (citations omitted), but ultimately found that the locus of operative facts is in San Francisco, California, *id.* at 17. After properly weighing that locus of operative facts, along with other factors in support of and weighing against transfer, including Kaufman's forum choice, Judge Netburn concluded that transfer is appropriate. *Id.* at 21-22.

Turning to Kaufman's objections to Judge Netburn's findings on specific factors supporting transfer, the Court here too finds that Judge Netburn's analysis was proper and not clearly erroneous. Judge Netburn applied the correct legal standards as to each factor that she found supports transfer, and her conclusions were grounded in the record before her.

For "the convenience of the witnesses" factor, Judge Netburn did not err by crediting Salesforce's assertion that many of the witnesses it plans to call at trial reside in San Francisco or on the West Coast. *Id.* at 8-11; *see* Dkt. 28 at 12-16. While Kaufman argues that none of these witnesses will be required at trial, Objection at 5, Judge Netburn reasonably found that "the testimony of both current and former Salesforce employees" could be "relevant to this case because those individuals are best equipped to speak to the development and production of the allegedly infringing products," April 29, 2021 Order at 11. Indeed, as Salesforce notes, given the nature of this case, "[i]t follows that current and former employees with knowledge of the products, including with respect to the engineering, marketing, sales, and related financial information, are all predominantly based in the Northern District of California." Opposition at 1. Judge Netburn also correctly observed that even assuming, as Kaufman argues, that the trial would be based on documentary evidence, such evidence "would need to be admitted and evaluated through witnesses, who are principally located in the San Francisco Bay Area." April 29, 2021 Order at 12. Given

8

Salesforce's unsurprising representation that many key witnesses reside in or near the Northern District of California, Dkt. 28 at 12-19; *see* Opposition at 11-14, Judge Netburn did not clearly err by giving this factor "significant weight" in favor of transfer, April 29, 2021 Order at 9-10, 22.

As to "the availability of process to compel the attendance of unwilling witnesses," Judge Netburn also did not err in finding that this factor militates toward transfer. Salesforce identified numerous non-employees located in the Northern District of California as potential trial witnesses. *See* April 29, 2021 Order at 18. This factor can support transfer even absent information that the witnesses would be unwilling to appear at trial. *See Int'l Sec. Exch., LLC*, 2007 WL 1541087, at *4. Judge Netburn also reasonably noted that testimony from these witnesses "would be more assuredly available to Salesforce only if the case proceeded in the Northern District of California." April 29, 2021 Order at 19.

Nor did the court err in concluding that "the locus of operative facts" also favors transfer. Contrary to Kaufman's argument, Objections at 6, Judge Netburn explicitly considered that Kaufman and Silverman invented the patents that are at issue in New York, April 29, 2021 Order at 16-17. Nonetheless, Judge Netburn determined that, on the balance, this factor favors transfer because the accused infringing products were designed and developed in the Northern District of California and many individuals who helped design and create them are also located there. *Id.* at 16-17. Courts in this District have similarly concluded that the locus of operative facts in patent cases is where the allegedly infringing product was developed. *See, e.g.*, *Lighting World, Inc. v. Birchwood Lighting, Inc.*, No. 01 Civ. 4751 (BSJ), 2001 WL 1242277, at *3 (S.D.N.Y. Oct. 16, 2001) ("In an action for patent infringement, the locus of operative facts is in the transferee forum if the design and development of the allegedly infringing product took place there and the designers and developers of the product live and work in that forum."); *see also Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422, 440-41 (E.D.N.Y. 2012) (collecting cases).

9

Lastly, Kaufman disputes Judge Netburn's finding that "the location of relevant documents" supports transfer. Objections at 6. Kaufman posits that because of "the inevitable digitization of" these documents, this factor should be irrelevant. *Id.* Judge Netburn's decision to consider this factor was not clearly erroneous. As Salesforce points out, this factor remains relevant. *See* Opposition at 18 (citing *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020)). Further, Judge Netburn acknowledged that location of relevant documents may be less significant in modern times, noting that contemporary technologies make "the distance between California and New York loom[] a little less large" and that "[n]either Salesforce nor [Kaufman] will bear a greater inconvenience transmitting the relevant evidence to this Court or a court in California." April 29, 2021 Order at 13; *see also id.* at 12 ("Of course, '[i]n an era of electronic documents, easy copying and overnight shipping,' this factor is less important now." (quoting *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 548 (S.D.N.Y. 2008) (alteration in original)). Judge Netburn, however, correctly found that this factor weighs in favor of transfer—though not as strongly of course as some of the other factors discussed above—because "the greater bulk of the sources of proof remain more readily accessible in the Northern District of California." *Id.* at 13.

### III. Conclusion

For the reasons discussed above, the Court finds that Judge Netburn's April 29, 2021 Order transferring this case to the Northern District of California was well-reasoned, thoroughly supported by the record, and not contrary to the law. Accordingly, Kaufman's objections are overruled, and the April 29, 2021 Order is affirmed in its entirety. The Clerk of Court therefore is respectfully

directed to transfer this case to the United States District Court for the Northern District of California.

SO ORDERED.

Dated: June 3, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge